KLOEB, U. S. DISTRICT JUDGE, *v.* ARMOUR & COMPANY.

No. 65.   Submitted November 18, 1940.—Decided December 9, 1940.

Messrs. *Percy R. Taylor* and *Nolan Boggs* submitted for petitioner.

Messrs. *Edward W. Kelsey, Jr., Fred A. Smith,* and *Charles J. Faulkner, Jr.* submitted for respondent.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

Respondents, Armour & Company, a Kentucky corporation, by petition obtained from the Circuit Court of Appeals, Sixth Circuit, an order directing the U. S. District Judge, Northern District of Ohio, to set aside the remands of five separate actions. 109 F. 2d 72. The opinion of the court made the following statement concerning the basic issue.

"A number of persons, including George E. Kniess, brought suit against Armour and Company in the Court of Common Pleas of Lucas County for damages claimed to have been suffered in the consumption of food products, materials for which were prepared by Armour and Company, but which were processed by a retailer in Toledo by the name of Burmeister. In each of the five cases, and upon identical petitions, the plaintiffs joined Burmeister as a defendant on the theory that he and the Armour Company were joint tortfeasors. Armour and Company filed its petitions for removal with the Court of Common Pleas accompanied by proper removal bonds. Its petitions were contested by the plaintiffs and were denied. The Kniess case proceeded to trial while the other cases were held in abeyance and it eventually reached the Supreme Court of Ohio, *Kniess* v. *Armour & Co.,* 134 O. S. 432; 17 N. E. 2d 734; 119 A. L. R. 1348. That court disposed of the case upon the sole ground that the removal petition should have been allowed, because a separable controversy existed as between plaintiff

and Armour. It stated the law of Ohio to be that where the responsibility of two tortfeasors differs in degree and in nature, liability cannot be joint and the alleged torts are not concurrent. Holding that the defendant Armour and Company had adequately preserved its exceptions to the ruling of the lower court, the cause was reversed and remanded to the Court of Common Pleas with instructions to grant the removal petition, and the mandate directed the Court of Common Pleas to remove the cause to the District Court of the United States.

"When the case came before the respondent the plaintiff moved to remand and, notwithstanding the adjudication by the Ohio Supreme Court which had become final, the respondent proceeded to take evidence upon the question of a separable controversy, decided there was none, that the cause was not removable under the statute, entered an order to remand the case to the Court of Common Pleas of Lucas County, and denied petitions for rehearing."

The District Judge rendered no opinion to support his actions; but responding to the rule from the Circuit Court of Appeals to show cause, he cited *McNutt* v. *General Motors Acceptance Corp.*, 298 U. S. 178, referred to affidavits filed in support of the motions and said that upon consideration of the entire record, he became satisfied that none of the five suits "really and substantially involved a dispute or separable controversy wholly between citizens of different states which could be fully determined as between them, and therefore none of said causes were within the jurisdiction of the District Court of the United States, and further that plaintiff Kniess is an alien."

Title 28, U. S. Code provides—

"Section 71—Whenever any cause shall be removed from any State court into any district court of the United

States, and the district court shall decide that the cause was improperly removed, and order the same to be remanded to the State court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the district court so remanding such cause shall be allowed."

"Section 80—If in any suit commenced in a district court, or removed from a State court to a district court of the United States, it shall appear to the satisfaction of the said district court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this chapter, the said district court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just."

*Employers Reinsurance Corp.* v. *Bryant,* 299 U. S. 374, 380, 381, says of these sections: "They are in *pari materia,* are to be construed accordingly rather than as distinct enactments, and, when so construed, show, as was held in *Morey* v. *Lockhart,* 123 U. S. 56, 58, that they are intended to reach and include all cases removed from a state court into a federal court and remanded by the latter."

The court below concluded: "The District Court had no power to determine the issue of separable controversy entitling the petitioner to remove because that issue had already been adjudicated by the Supreme Court of Ohio, and the District Court, upon familiar principles, was bound by such adjudication."

And it said—"It would.seem that in the use in Section 71 of the words 'the district court shall decide,' and in the employment in Section 80 of the phrase 'it shall appear to the satisfaction of the said district court,' it was within the contemplation of the Congress that the statute should apply to those cases in which there was some issue which, as a matter of primary decision, was submitted to the District Judge. It certainly could not have been intended to apply to decision of a question which was not properly at issue before the District Judge since it had already been adjudicated by the Supreme Court of Ohio .in the same proceeding, between the same parties, and upon the plaintiff's petition. To hold otherwise would be to permit the District Court to defy the statute 28 U. S. C. A., § 687, which provides: 'The records and judicial proceedings of the courts of any State . . . shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken.' "

Also—"The decisions in *Employers Reinsurance Corporation* v. *Bryant, District Judge, supra,* and in *Re Pennsylvania Company, supra,* must not, in our judgment, be extended beyond the situations requiring the application of the rule there announced, that is to say, to cases where the issue of the petition to remand called for original and primary decision by the District Court unfettered by the doctrine of *res judicata* or the mandate of the 'full faith and credit' statute."

"That the decision of the Ohio Court was *res judicata* notwithstanding the issue was one involving the jurisdiction of a federal Court, is settled by *American Surety Co.* v. *Baldwin,* 287 U. S. 156, 53 S. Ct. 98, 77 L. Ed. 231, 86 A. L. R. 298; *Baldwin* v. *Iowa State Traveling Men's Ass'n,* 283 U. S. 522, 51 S. Ct. 517, 75 L. Ed. 1244, and the decision in *Evelyn Trainies, Petitioner,* v. *Sunshine*

*Mining Co., et al.,* [308 U. S. 66] 60 S. Ct. 44, 84 L. Ed. —, announced as recently as November 6, 1939."

"While the precise question here involved is one of first impression, the Supreme Court in *Re Metropolitan Trust Company*, 218 U. S. 312, 31 S. Ct. 18, 54 L. Ed. 1051, has drawn the distinction between orders to remand erroneously issued and those issued by a District Judge in excess of his authority. The former may not be challenged by appeal or writ of mandamus—the latter are a nullity. We think it follows that under general supervisory powers they may be set aside."

We cannot accept the conclusion of the Circuit Court of Appeals. It derives from an inadequate appraisal of the record and of §§ 71 and 80 U. S. Code, *supra*.

These sections were designed to limit possible review of orders remanding causes and thus prevent delay. *In re Pennsylvania Company*, 137 U. S. 451, 454. They entrust determination concerning such matter to the informed judicial discretion of the district court and cut off review.

In this cause the district judge weighed the petitions and relevant affidavits and concluded that the controversy was not within the jurisdiction of that court. His clear duty was to proceed no further and to dismiss or remand the causes. The statute exempted his action from review.

The suggestion that the federal district court had no power to consider the entire record and pass upon the question of separability, because this point had been finally settled by the Supreme Court of Ohio, finds no adequate support in the cases cited by the opinion below: *Baldwin* v. *Iowa State Traveling Men's Assn.*, 283 U. S. 522, *American Surety Co.* v. *Baldwin*, 287 U. S. 156 and *Treinies* v. *Sunshine Mining Co.*, 308 U. S. 66. None of these causes involved a situation comparable to the one here presented.

Section 72, Title 28, U. S. Code, provides the requisites for removing causes from state to federal courts and directs that when complied with, the state court shall proceed no further. The Supreme Court of Ohio declared: "In passing upon the question of removal, unfortunately we are limited solely to a consideration of the facts stated in the petition." It held that upon them the trial court should have relinquished jurisdiction.

The causes went to the federal district court and additional facts were there presented. As required by the statute, that court considered all the relevant facts, petitions and affidavits, exercised its discretion and ordered the remands. Jurisdiction to decide, we think, is clear; the Circuit Court of Appeals lacked power to review the remand.

The challenged order must be

*Reversed.*