In re Maurice A. CONWAY, Jr., Debtor.

**LATIMER & BUCK MORTGAGE COMPANY, Plaintiff,**

v.

**Maurice A. CONWAY, Jr., Defendant.**

Bankruptcy No. 80–00716K.
Adversary No. 80–0224K.

United States Bankruptcy Court,
E. D. Pennsylvania.

July 17, 1980.

Margaret Graham, Philadelphia, Pa., trustee.

Frank Federman, Philadelphia, Pa., for plaintiff, Latimer & Buck Mortg. Co.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

Presently before the court is the complaint of plaintiff, Latimer & Buck Mortgage Company, ("Latimer"), seeking relief from the automatic stay to allow it to proceed with mortgage foreclosure proceedings against the debtor, Maurice A. Conway, Jr. Count two of the complaint seeks dismissal of the present bankruptcy petition alleging that the debtor has repeatedly filed petitions pursuant to Chapter 13, while continually refusing to file a timely plan, thus causing unreasonable delay that is prejudicial to the plaintiff. Because we find that the plaintiff has failed to meet his burden of proof in relation to the lifting of the stay, the stay will continue in effect.[1]

Trial of the instant complaint was held on June 18, 1980. At that time, no testimony was offered by either party.

In his answer, the debtor has admitted only that two (2) earlier Chapter 13 petitions were filed by him, both of which were dismissed by order of the court.

---

1. This Opinion constitutes Findings of Fact and Conclusions of Law in accordance with Bankruptcy Rule 752.

The grounds for relief from the stay are set forth in § 362(d) of the Bankruptcy Reform Act, 11 U.S.C. § 362(d) (1978) which states:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have equity in such property; and

(B) such property is not necessary to an effective reorganization.

Latimer has asserted two (2) grounds for relief from the stay, alleging that the debtor does not have equity in the property and that the property is not necessary to an effective reorganization. [Complaint ¶ 19]

In considering the issue of equity in the property, § 362(g) sets forth the allocation of the burden of proof as follows:

in any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

Thus, plaintiff, Latimer, has the burden of proof on the issue of the debtor's equity in the property. Latimer's failure to establish a record or to present any evidence whatsoever, compels a finding that plaintiff has not met its burden of proof (risk of non-persuasion) on that issue. *See* this court's Opinion in *Kardon Industries v. East Redley Corporation,* 288 Bkrtcy.Ct. 4, Adv. No. 80–0075 (E.D.Pa. May 16, 1980).

A review of the documents filed in the Chapter 13 proceeding discloses that, subsequent to the commencement of the instant adversary proceeding, the debtor has filed the required statements and a Chapter 13 plan. We cannot, therefore, dismiss an active ongoing Chapter 13 rehabilitation proceeding without just. cause. The fact that the debtor has previously filed two (2) Chapter 13 petitions which were ultimately dismissed is not, alone, just cause for dismissal of the current proceeding.

While the court can sympathize with the creditor's belief that the prior petitions were filed for the "sole purpose and intention of avoiding foreclosure of the mortgaged premises," [complaint ¶ 18], the overwhelming majority of Chapter 13 petitions are filed with that very goal in mind. Such is the relief afforded by Congress to the debtor who wishes the protection of this court. It is the duty and responsibility of this court to protect the rehabilitation-oriented debtor.

The court notes that counsel strategically objected to the debtor's dismissal in the current Chapter 13 proceeding in order to bring the instant complaint before the court. While the tactic obviously is of benefit to counsel for creditors, such a tactic alone will not entitle counsel to the desired relief. As stated, the court is bound by the provisions of § 362 which require proof that debtor has no equity in the property. Such proof is clearly lacking here.

Once a proper clear showing is made that a debtor is abusing the system and causing unreasonable delay that is prejudicial to the creditors or that a plan has not been timely filed, the court may, after notice and a hearing, convert or dismiss. Section 1307(c). Because a plan has been filed in the current Chapter 13 proceeding and because we cannot conclude that debtor has unreasonably delayed or prejudiced the proceedings, the request to dismiss the Chapter 13 proceeding is denied.