In re Leigh R. HARLOW and Evelyn B. Harlow, Debtors.

Bankruptcy No. 80–252.

United States Bankruptcy Court, D. Vermont.

March 16, 1981.

Jerome I. Meyers, Ascutney, Vt., for debtors.

Matthew T. Birmingham, Ludlow, Vt., for John B. Sargent and Frederic D. Sargent.

MEMORANDUM AND ORDER ON MOTION FOR REHEARING, COMPLAINT TO PUNISH FOR CONTEMPT AND FOR DECLARATORY JUDGMENT

CHARLES J. MARRO, Bankruptcy Judge.

On November 21, 1980 the Debtors filed an application, pursuant to 28 U.S.C. § 1478, for removal of a pending action for foreclosure from the Superior Court of the State of Vermont to this U. S. Bankruptcy Court. This petition was resisted by the mortgagees, John B. Sargent and Frederic D. Sargent, the plaintiffs in the state foreclosure action. After hearing, this Court on Janu-

ary 2, 1981 entered an order, supported by a memorandum, dismissing the application for removal 13 B.R. 475.

This matter is again before this court on the Debtors' Motion for Rehearing under Rule 812 which is predicated on the argument that the Court's Order is based upon erroneous statements of fact and conclusions of law. They assert that the two cases recited by this Court in its memorandum i. e. *In Re Project Oneco, Inc.* 1 Collier 2d 711 and *In Re Calabria* 2 Collier 2d 113 have not been properly applied.

■ It is true as the Debtors contend, that *In Re Project Oneco, Inc.* recites that "abstention is proper only 'where the interests of the estate and all parties will best be served.......'" But the Court goes on to say, "Here, the best interests of all parties will be served by the quick resolution of the issues." In the instant case the issues had been determined by the State Court when it entered its default judgment of foreclosure against the debtors. Their failure to file a verified answer as required by the Court rule while they were represented by counsel resulted in the entry of the foreclosure decree. Having been summoned and given the opportunity to respond by the proper pleading they had had their day in Court. It now appears that their only purpose in seeking removal is to relitigate an issue which has already been determined. In effect they are dissatisfied with the result in the state court and now plead for another trial de novo hoping for a favorable result. In entering the order of dismissal this Court did in fact take into account the interest of the debtor as well as that of the mortgagees. They have expended time and money in the state foreclosure action and should not be penalized because of any failure or neglect of the debtors.

This Court also has some reservation as to the good faith of the debtors in filing under Chapter 13. The schedules show that they had previously made an assignment for the benefit of creditors under which most, if not all, of the unsecured creditors had received payments which they claim extinguished all of the debts affected by the assignment. It would, therefore, appear that their only purpose of filing under Chapter 13 long after the foreclosure proceeding was initiated in state court was not only to thwart the foreclosure but to negate the legal effect of a decree which had previously been obtained in state court in accordance with the provisions of law.

The debtors stress the following language from *In Re Conway*, 5 B.R. 251 (Bkrtcy.):

"While the court can sympathize with the creditor's belief that the prior petitions were filed for the 'sole purpose and intention of avoiding foreclosure of the mortgaged premises,' [complaint ¶ 18], the overwhelming majority of Chapter 13 petitions are filed with that very goal in mind. Such is the relief afforded by Congress to the debtor who wishes the protection of this court. It is the duty and responsibility of this court to protect the rehabilitation-oriented debtor."

■ This court does not agree that the overwhelming majority of Chapter 13 petitions are filed to avoid foreclosure. The reported cases since the effective date of the Bankruptcy Code do not support this conclusion. It is true that it is the duty and responsibility of the Bankruptcy Court to protect the rehabilitation-oriented debtor. However, this does not mean that a debtor who has had his day in state court should be afforded another opportunity to litigate the same issues under the aegis of the Bankruptcy Court at the expense of and to the detriment of a creditor who has complied with all of the legal requirements in obtaining a foreclosure decree.

The debtors contend that *In Re Calabria*, supra, is not applicable since it is straight bankruptcy and not a Chapter 13. This argument is ill founded. The basis for remanding is Section 1478(b) of 28 U.S.C. which reads:

"The Court to which such claim or cause is removed may remand such claim or cause of action or any equitable ground—"

It makes no distinction between a liquidation under Chapter 7 or a Chapter 13 case.

Had such been intended by Congress the proper wording would have been incorporated in the statute. The broad scope of the above section is recognized by the Court in the *Calabria* case at 2 Collier 2nd 115 as follows:

"Section 1478(b) does not exclude an action involving property of a debtor from the power to remand. It broadly provides that the Bankruptcy Court to which a claim or cause of action is removed may remand it on any equitable ground. It is not limited to cases over which the Bankruptcy Court does not have exclusive jurisdiction (BRA Chap. 90 sec. 1471(a)) to the exclusion of cases over which exclusive jurisdiction exists."

The Order of this Court entered January 2, 1981 which, in effect, remanded the foreclosure action to the state court is supported by *In Re Tidwell*, 6 BCD 622. In that case the situation was strikingly similar. The state court had determined the debtors' ownership in certain property. Recognizing the bankruptcy court's jurisdiction as extending to all claims or causes of action relating to a bankruptcy case, the *Tidwell* court pointed out that it was also given authority to decline jurisdiction in the interest of justice under 28 U.S.C. § 1471(d), or to remand on equitable grounds under 28 U.S.C. § 1478(b). In remanding, the bankruptcy court succinctly stated:

"There is jurisdiction in the bankruptcy court since the state court action is related to the bankruptcy proceeding. It clearly meets the relationship test because the debtors are parties to both. There are, however, strong equitable grounds to order the remand. First, the state court action does not interfere with the bankruptcy proceeding. The state court determined the debtors' ownership interest in certain property. Since the Bankruptcy Code does not provide rules for determining whether the debtor had an interest in property, it is necessary to look to non-bankruptcy law, generally state law, to make this determination. 4 Collier on Bankruptcy Para. 541.02 (15th Ed. 1979). Retaining the cause of action would require this court to apply the same law the state court already applied in making its determination. Second, [3] this cause of action has been fully tried. To retain it would result in added expense to the litigants and loss of time and judicial economy. The debtors may appeal within the state court system to correct any errors in the trial. Permitting the removal of this case would in effect give plaintiff's a second trial and would not expedite or benefit the bankruptcy case. It is not the function of removal under § 1478 to afford an alternative to a state court appeal. Absent other reasons the bankruptcy court should refrain from the exercise of removal jurisdiction. The case shall be remanded to the state court."

It is evident that the decision by the bankruptcy court as to abstention and removal should be made on a case to case basis. Its broad discretion is recognized in an article appearing in 39 Federal Bar Journal 1–2 at page 81 where in commenting on abstention under Sec. 1471(d) which is the same in principle as Sec. 1478(b) the following is stated:

"The all encompassing jurisdiction of the bankruptcy court may frequently give rise to situations in which the bankruptcy court, although the court of original jurisdiction, should refuse to hear certain matters. 28 U.S.C. Sec. 1471(d) gives the bankruptcy court that discretion. The abstention provision is broadly stated allowing wide latitude among bankruptcy courts to turn down cases over which the court does exercise original, but not exclusive jurisdiction. The abstention language recognizes that many occasions will arise when determination of an issue or question of law is best left to a court that decides similar issues regularly, especially if the issue or question of law is one that requires a particular expertise which the bankruptcy court lacks. Similarly, situations will occur in which the interest of justice will dictate that a case continue in the original forum, rather than the bankruptcy court. The doctrine of abstention embodied in Subsection 1471(d)

is substantially a codification of practice long encouraged in the federal court system."

## AS TO COMPLAINT OF DEBTORS FOR CONTEMPT AND MOTION FOR SUMMARY JUDGMENT

██ It is clear that the mortgagees as plaintiffs in the state foreclosure action were in technical violation of the automatic stay prescribed by the Bankruptcy Code. But it is equally questionable that they should be punished for contempt. They seemed to be torn between compliance with the stay and carrying out the judgment order of the state court in executing the foreclosure sale. Their failure to carry out the latter, as they point out, would make them subject to contempt under 70 of the Vermont Rules of Civil Procedure which reads:

"If a judgment directs a party to execute the conveyance in land—or to perform any other specific act and the party fails to comply with the time specified—the Court may also in proper cases adjudge the party in contempt."

This court is satisfied that the circumstances in this case do not warrant punishment for contempt. In any event the issue has become moot by this Court's remanding to the state court.

The debtors also complain that by remanding they are deprived of the benefit of rehabilitation under Chapter 13 of the Bankruptcy Court. Unfortunately this has not resulted by the action of this Court. Rather they are victims of their own misjudgment. They had an opportunity to file under Chapter 13 when they made the assignment for the benefit of creditors but they chose the latter course. They then were faced with the foreclosure action in state court, chose to defend it, were unsuccessful and as a last resort sought the protection of the Bankruptcy Court in an attempt to reverse an adverse decision by the state tribunal. With this course of conduct they are not entitled to any further consideration by this Court.

## ORDER

Accordingly, IT IS ORDERED as follows:

1. The Order of this Court dismissing the application of the Debtors for removal entered January 2, 1981 is confirmed.

2. The complaint of the Debtors to punish for contempt and for Declaratory Judgment filed December 30, 1980 is DISMISSED.

3. The motion of the Debtors for summary judgment filed January 16, 1981 is DISMISSED.

4. The foreclosure action pending in Vermont Superior Court is hereby remanded and the State Court may proceed with the case nunc pro tunc.