Leigh R. HARLOW and Evelyn
B. Harlow

v.

John B. SARGENT and Frederic
D. Sargent.

Civ. A. No. 81–117.

United States District Court,
D. Vermont.

June 24, 1981.

Jerome I. Meyers, Ascutney, Vt., for plaintiffs.

Matthew T. Birmingham, III, Fink & Birmingham, P. C., Ludlow, Vt., for defendants.

## MEMORANDUM OF DECISION

HOLDEN, Chief Judge.

This case comes before the court as an appeal from a Bankruptcy Court decision in which the underlying foreclosure proceedings were remanded to the Windsor Superior Court following appellant's petition for removal from that state court to the Bankruptcy Court in this District. *Harlow v. Sargent*, Adversary No. 80–146 (Bkr.Vt. Jan. 2, 1981), *aff'd on reh.* (Mar. 16, 1981).

Appellees have moved to dismiss this appeal on alternate grounds: that under 28 U.S.C. § 1478(b) this court has no jurisdiction to hear the appeal, and that appellants' failure to file their brief in support of the appeal in a timely manner requires dismissal. Appellants contend the motion should be denied on both grounds. They raise a constitutional challenge to the statutory prohibition against appeals from remand orders found in § 1478(b), and further argue that the appeal should not be dismissed as untimely.

The record on appeal shows that in June, 1980 appellees instituted a foreclosure action in Windsor Superior Court on a mortgage they held on appellants' land. On October 29, 1980 the court granted appellee's motion for default judgment and ordered the property sold. On the same day, appellants moved for review of the default judgment. Prior to the sale, appellants also

filed in the Bankruptcy Court a petition for relief under Chapter 13 of the Bankruptcy Act, 11 U.S.C. § 1301 *et seq.*, and for removal of the foreclosure action.

The Superior Court denied the appellants' motion for review of the default judgment. The sale of the property took place as ordered and was subsequently confirmed by the court. Appellants then filed a complaint against appellees in the Bankruptcy Court, seeking to have them punished for contempt, through the sale, of the automatic stay provisions of 11 U.S.C. § 362 and requesting a judgment declaring null and void all state proceedings since the Chapter 13 filing.

The Bankruptcy Court dismissed appellants' motion for removal to that court. While recognizing that the new Bankruptcy Act might allow the court to assume jurisdiction of the foreclosure action, the court concluded that, under § 1478(b), equitable considerations dictated remand to the state court. The court noted that the foreclosure action had been fully adjudicated in the state proceedings, that the debtors had had full opportunity to protect their interests throughout those proceedings, and that under these circumstances the mortgagees should not be compelled to prosecute another foreclosure proceeding. Memorandum and Order, No. 80–252 (Jan. 2, 1981).

The debtors moved for a rehearing, asserting the Order was based on erroneous statements of fact and conclusions of law. The court confirmed its prior decision in another memorandum and order, emphasizing that a party cannot relitigate an action by means of removal where, as here, they appear simply to be dissatisfied with the initial result. Memorandum and Order, No. 80–252 (Mar. 16, 1981). The debtors then brought this appeal from that decision.

Section 1478(b) prohibits an appeal from the remand of an action removed to the Bankruptcy Court:

> (b) The court to which [a] claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action, or a

decision not so remanding, is not reviewable by appeal or otherwise.

Appellees rely on the clear directive of the statute in support of their motion to dismiss this appeal. Appellants challenge the statute's constitutionality, alleging that when a remand order concerns property which is part of a Chapter 13 rehabilitation plan, the inability to appeal that order works a deprivation of property without due process of law.

The power of a federal court to conduct appellate review extends only so far as expressly authorized by Congress and that jurisdiction cannot be extended or reduced, directly or indirectly, by the courts. *See Baltimore Contractors, Inc. v. Bodinger,* 348 U.S. 176, 181, 75 S.Ct. 249, 252, 99 L.Ed. 233 (1955). No right to appellate review existed at common law, nor has it been considered a necessary element of due process. *McKane v. Durston,* 153 U.S. 684, 688, 14 S.Ct. 913, 915, 38 L.Ed.2d 867 (1893); *see also Griffin v. Illinois,* 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1955).

Orders remanding to the state court actions removed to the federal district court are not reviewable, except in civil rights cases. 28 U.S.C. § 1447(d). The purpose of this bar on appellate review is to spare litigants delay, *In Re McNeil Bros.,* 259 F.2d 386, 388 (1st Cir. 1958), and is consistent with the strong federal policy against allowing appeals from preliminary rulings establishing a forum. *See U. S. Tour Operators Ass'n v. Trans World Airlines,* 556 F.2d 126, 129 (2d Cir. 1977).

In light of these established principles, the prohibition against appeals found in § 1478(b) is not *per se* unconstitutional, nor can it be said that the statute has operated against these appellants in an unconstitutional manner. The record indicates that the appellants had full opportunity to protect their property rights in the state proceedings, whether or not they chose to avail themselves of those opportunities. As Judge Marro recognized, Chapter 13 is intended to protect and encourage rehabilitation by debtors. However, this

policy does not extend to allow such a debtor, who has had his day in court, to relitigate the same issues in the Bankruptcy Court, causing additional expense and delay to his opponent. *See In Re Tidwell*, 4 B.R. 100 (Bkrtcy.N.D.Tex.1980). This reasoning is particularly apposite where the suit involves questions of state law, as in this foreclosure action. *See In Re Calabria*, 5 B.R. 73, 75 (Bkrtcy.D.Conn.1980).

Since 28 U.S.C. § 1447(d) and § 1478(b) prohibit this court from exercising the power to review the order of remand, *Kloeb v. Armour*, 311 U.S. 199, 205, 61 S.Ct. 213, 216, 85 L.Ed. 124 (1940), the appellees' motion to dismiss the appeal is hereby granted. It is so ORDERED.