In re Ulric TREMBLAY and Holly Tremblay d/b/a Ulric Tremblay and Associates, a Partnership, Debtors.

Bankruptcy No. 82–281.

United States Bankruptcy Court, D. Vermont.

May 19, 1983.

Joseph C. Palmisano, Barre, Vt., for debtor.

Thomas F. Heilmann, Burlington, for Hutch Material and Supply Corp.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The Debtors filed an Application to Remove to the Bankruptcy Court an action entitled, "Ulric Tremblay vs. Hutch Material and Supply Corporation" and pending in the Superior Court of the State of Vermont, County of Washington, Docket No. S–364–81Wnc. The petition recites that on December 20, 1982 Ulric Tremblay and Holly Tremblay d/b/a Ulric Tremblay and Associates, a partnership, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. As a matter of fact this petition was actually filed by Ulric Tremblay and Holly Tremblay and not by the partnership although the statement of affairs recites that business was conducted under the name of "Ulric Tremblay Contractor and Ulric Tremblay Associates, a Partnership" and that it did business as "Contractor, Real Estate Rental Property".

The Defendant in the State Court action, Hutch Material and Supply Corporation, is resisting removal to the U.S. Bankruptcy Court on two grounds: the first under § 1478 of the Bankruptcy Code and the second under the decision of the United States Supreme Court in the case of *Northern Pipeline Construction v. Marathon Pipeline Company,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). In addition Hutch contends that even though the state cause of action may be removed to the Bankruptcy Court, in the interest of justice pursuant to 28 U.S.C. § 1471(d), the Bankruptcy Court can abstain from hearing the controversy and remand or remove the cause of action on any equitable ground. 28 U.S.C. § 1478(b).

The debtors, in their application, do not recite the nature of their action pending in the Vermont State Court but Hutch points out that the suit by the debtors against it is for breach of contract and negligence.

In *Northern Pipeline Construction Co., supra,* the United States Supreme Court held that the Bankruptcy Reform Act of 1978, by its broad grant of jurisdiction to Bankruptcy Judges, i.e. jurisdiction of all civil proceedings arising under Title 11 or arising in or relating to cases under Title 11 violates Article III of the Constitution. It reasons that such judicial power must be exercised by judges who have the attributes of life tenure and protection against salary diminution specified by Article III, which attributes were incorporated into the constitution to insure the independence of the judiciary from the control of the Executive and Legislative Branches. Bankruptcy Judges created by the Bankruptcy Reform Act of 1978 are not Article III Judges since they do not serve for life subject to their continued good behavior and are not immune from having their salaries reduced by Congress. As non-Article III Judges the Supreme Court reasoned that they cannot make a judicial determination of private rights as distinguished from public rights. It points out that the right to recover damages is "one of private right, that is, of the liability of one individual to another under the law as defined." Citing *Crowell v. Benson,* 285 U.S. 22 at 51, 52 S.Ct. 285 at 292, 76 L.Ed. 598.

In the instant case the suit against Hutch by the debtors is for breach of contract and negligence and, therefore, involves the judicial determination of private rights. Under *Northern Pipeline* this Court has no jurisdiction to make a determination of such private rights. The impact of the *Northern Pipeline* decision was suspended by the United States Supreme Court until December 25, 1982 in order to give Congress an opportunity to enact remedial legislation in response to the situation created by its rul-

ing. Congress has failed to act and, upon recommendation of the Judicial Conference of the United States, the District Courts have adopted a model rule which applies to all bankruptcy cases and proceedings filed on or after October 1, 1979. In this District it has been designated as Local Rule 20 and the powers of Bankruptcy Judges are defined under paragraph "(d)". The pertinent sections, as they apply to this case, appear under subparagraphs (3)(A) and (B) reading as follows:

"(3)(A) Related proceedings are those civil proceedings that, in the absence of a petition in bankruptcy, could have been brought in a district court or a state court. Related proceedings include, but are not limited to, claims brought by the estate against parties who have not filed claims against the estate—

(B) In related proceedings the bankruptcy judge may not enter a judgment or dispositive order, but shall submit findings, conclusions, and a proposed judgment or order to the district judge unless the parties to the proceeding consent to entry of the judgment or order by the bankruptcy judge.

It is clear that the cause of action which the debtors seek to remove from the Vermont State Court to this Bankruptcy Court is a related proceeding and, under the above-cited subparagraphs of the model rule, the bankruptcy judge may not enter a judgment or dispositive order if the case is removed in the face of the continued opposition by defendant, Hutch. In view of this this Court is not disposed to remove an action which has been pending in state court since September 23, 1981 and has proceeded through the Vermont court system and was even scheduled for trial on December 13, 1982.

As pointed out by Hutch, a removal would only result in considerable delay. In addition removal could very well result in an exercise of futility for the reason that under District Court rule 20(d)(3)(B) the bankruptcy judge may not enter a judgment or dispositive order. The district judge may very well not accept his findings

and conclusions and order further proceedings. On the other hand the state court has complete jurisdiction over the cause of action, is ready to try the case without further delay and is in a position to render judgment.

Model rule 20 is binding on all parties in bankruptcy proceedings and has been declared constitutional at the Circuit Court of Appeals level. See *In Re Braniff Airways Incorporated, et al.* (D.C.—N.D.Tex.—1983) 27 B.R. 231 affirmed (5th Cir.1983) 700 F.2d 214. In the light of the adoption of this rule in this jurisdiction, precipitated by the *Northern Pipeline* decision, there is no compelling cause for transfer of the state action to this Court. Hutch's argument that, even if there are grounds for removal, this Court should abstain and remand on equitable grounds, pursuant to 28 U.S.C. § 1478(b), is persuasive. There is authority for "remand" in this jurisdiction although in a case weighing more strongly in favor of the defendant. See *In Re Harlow* (Bkrtcy. 1981) 5 C.B.C.2d 214, 12 B.R. 1 affirmed (D.C., Vt.1981) 5 C.B.C.2d 218, 14 B.R. 267.

### ORDER

In accordance with the foregoing it is

ORDERED that the application of the Debtors for removal filed on January 11, 1983 is DENIED.