In re CREATIVE TOOLS, INC., Debtor.

Vincent J. TUDISCO, Plaintiff,

v.

CREATIVE TOOLS, INC., Defendant.

Bankruptcy No. 81–00257.
Adv. No. 84–0015.

United States Bankruptcy Court,
D. Vermont.

June 5, 1984.

Stephen A. Dardeck, Rutland, Vt., for plaintiff.

Peter H. Banse, Rutland, Vt., for defendant.

## MEMORANDUM AND ORDER AS TO SUBJECT MATTER JURISDICTION

CHARLES J. MARRO, Bankruptcy Judge.

This matter comes before the Court on the Objection of the Defendant to the jurisdiction of the Bankruptcy Court to determine the issues raised by the Complaint of the Plaintiff in an adversary proceeding. The Plaintiff seeks to recover damages arising from the alleged breach of a settlement agreement entered into between the Plaintiff and the Defendant as a Debtor which filed for Relief under Chapter 11 of the Bankruptcy Code on December 7, 1981.

The Court on July 20, 1983 confirmed the First Amended Plan of Reorganization filed on December 1, 1982 submitted by Arthur D. Pepin, a secured creditor. In conjunction with this Plan, Pepin filed a Disclosure Statement which was amended, and as part thereof he pointed out that there was litigation pending between one Vincent J. Tudisco of Westfield, New Jersey and the Debtor which related to certain patent rights claimed to be owned by the Debtor and which allegedly were obtained by it by fraud. The statement further pointed out that there should be a settlement of this litigation in view of the expenses involved in terms of legal fees, loss management time and delay in reorganization. Accordingly, prior to confirmation and on October 27, 1982, the Debtor and Tudisco entered into and executed a written settlement agreement with an addendum executed on May 4, 1983. This agreement as amended was approved by the Court by Order entered June 6, 1983, which Order was amended on July 30, 1983.

Apparently, the terms of the settlement agreement of October 27, 1982 could not be carried out by the parties and, therefore, on September 30, 1983, which was after the date of confirmation of the Amended Plan, the parties entered into and executed a substitute settlement agreement. The Plaintiff is now claiming a breach of this post-confirmation settlement agreement and seeks damages. The Defendant is objecting to the jurisdiction to the Court on the basis of the decision of the United States Supreme Court in the case of *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598. The jurisdictional objection is raised as an affirmative defense in the Answer by the Defendant filed on April 19, 1984. The Court feels there should be a preliminary determination of this defense before proceeding with a hearing on the merits if in fact the Court determines that it does have subject matter jurisdiction.

In *Northern Pipeline Construction Co.*, supra, the United States Supreme Court held that the Bankruptcy Reform Act of 1978, by its broad grant of jurisdiction to Bankruptcy Judges, i.e., jurisdiction of all civil proceedings arising under Title 11 or arising in or relating to cases under Title 11 violates Article III of the constitution. It reasons that such judicial power must be exercised by judges who have the attributes of life tenure and protection against salary diminution specified by Article III, which attributes were incorporated into the constitution to insure the independence of the judiciary from the control of the Executive and Legislative Branches. Bankruptcy Judges created by the Bankruptcy Reform Act of 1978 are not Article III Judges since they do not serve for life subject to their continued good behavior and are not immune from having their salaries reduced by Congress. As non-Article III Judges the Supreme Court reasoned that they cannot make a judicial determination of private rights as distinguished from public rights. It points out that the right to recover dam-

ages is "one of private right, that is, of the liability of one individual to another under the law as defined." Citing *Crowell v. Benson*, 285 U.S. 22 at 51, 52 S.Ct. 285 at 292, 76 L.Ed. 598; *In Re Tremblay* (Bankr. D.Vt.1983), 31 B.R. 200, 201.

In the instant case the gravamen of the Plaintiff's Complaint is breach of a contract executed by the parties after confirmation of the Amended Plan. It, therefore, falls within the definition of a related proceeding as defined in Emergency Model Rule 20 promulgated by the United States District Court for the District of Vermont. This rule was adopted to suspend the impact of the *Northern Pipeline* decision so that the Bankruptcy Court could continue to function during the so-called transition period prescribed in the 1978 Bankruptcy Reform Act which originally terminated on April 1, 1984 and, as of now, has been extended to June 20, 1984.

The powers of bankruptcy judges are defined in the rule under paragraph "(d)" with the pertinent parts appearing under subparagraphs 3(A) and (B) and reading as follows:

"(3)(A) Related proceedings are those civil proceedings that, in the absence of a petition in bankruptcy, could have been brought in a district court or a state court. Related proceedings include, but are not limited to, claims brought by the estate against parties who have not filed claims against the estate. Related proceedings do not include: contested and uncontested matters concerning the administration of the estate; allowance of and objection to claims against the estate; counterclaims by the estate in whatever amount against persons filing claims against the estate; orders in respect to obtaining credit; orders to turn over property of the estate; proceedings to set aside preferences and fraudulent conveyances; proceedings in respect to lifting of the automatic stay; proceedings to determine dischargeability of particular debts; proceedings to object to the discharge; proceedings in respect to the confirmation of plans; orders approving the sale of property where not arising

from proceedings resulting from claims brought by the estate against parties who have not filed claims against the estate; and similar matters. A proceeding is not a related proceeding merely because the outcome will be affected by state law.

"(B) In related proceedings the bankruptcy judge may not enter a judgment or dispositive order, but shall submit findings, conclusions, and a proposed judgment or order to the district judge unless the parties to the proceeding consent to entry of the judgment or order by the bankruptcy judge."

At the bankruptcy court level it has been held that *Northern Pipeline* not only invalidated the jurisdiction of bankruptcy courts but also that of the district courts over Title 11 cases and proceedings. *In Re Seven Springs Apartments Phase II* (Bankr. N.D.Ga.1983) 33 B.R. 458, 459. However, the decisions in the Circuit Courts are to the contrary. See *In Re Braniff Airways, Inc.* (5th Cir.1983) 700 F.2d 214 holding that subsections of the statutes (28 U.S.C. § 1471) giving the district court jurisdiction of cases arising under Title 11 were not invalidated by the decision in *Northern Pipeline* but, if they were, the statute (28 U.S.C. § 1334) giving the district court original jurisdiction of bankruptcy matters remained effective during the transitional period. This Circuit not only subscribes to the decision in *Braniff* that *Northern Pipeline* did not invalidate the jurisdiction of the district courts but it has also declared the emergency rule (similar to the one in this district) constitutional. *In Re Kaiser* (2d Cir.1983) 722 F.2d 1574.

Kaiser has been subsequently cited with approval by the Second Circuit. See *Turner v. Ermiger* (1983) 724 F.2d 338; *In Re Railway Corporation*, 726 F.2d 60 (2 Cir. 1984).

In the absence of a petition in bankruptcy the Plaintiff could have brought this action in state court and, therefore, qualifies as a related proceeding. Under the emergency model rule 20, which this Court in accordance with the Kaiser and subse-

quent Second Circuit cases considers valid, the Bankruptcy Judge may not, without consent of the parties, enter judgment or dispositive order, but shall submit findings, conclusions, and a proposed judgment or order to the District Judge. Rule 20(d)(3)(B).

Under Emergency Rule 20 all cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 have been referred to the Bankruptcy Judge of this district. See sub-paragraph (c)(1). This case has not been closed and this adversary proceeding is properly before this Court. The emergency rule empowers the Bankruptcy Court to hear the matter and submit its findings, conclusions, and a proposed order to the District Judge. This Court is convinced that, in the interest of justice, it should entertain jurisdiction of this adversary proceeding and follow the procedure mandated by the rule. The Court is familiar with the subject matter of the action. An answer has been filed and a pre-hearing conference has been held. It would be unfair to require the Plaintiff to start ab initio and commence another suit in State Court. As pointed out by the Plaintiff his day in court would be considerably delayed in contrast to an expedited hearing here.

This Court is aware that it reached an opposite result in the case of *In Re Tremblay,* supra. However, in that case, this Court refused to remove an action from State Court on the grounds that it had been pending there for over a year and one-half and was even scheduled for trial. The contrary exists in this case and the Plaintiff's demand for a hearing is justified.

### ORDER

Upon the foregoing IT IS ORDERED:

1. The Defendant's affirmative defense that the Court does not have subject matter jurisdiction is DISMISSED.

2. A hearing on the Plaintiff's Complaint will be held at the *Vermont District Courtroom, 92 State Street, Rutland, Vermont on June 7, 1984 at 1:30 P.M.*