**BENEFICIAL CORPORATION, Plaintiff,**

v.

**Honorable Frank P. BARKER, Jr., George H. Clay, and ISC Financial Corporation, Defendants.**

**No. 77–0797–CV–W–2.**

United States District Court, W. D. Missouri, W. D.

Dec. 29, 1977.

Harry P. Thomson, Jr.; Shugart, Thomson & Kilroy, P.C., George E. Leonard, Jennifer A. Gille, George A. Barton, Kansas City, Mo., for plaintiff.

F. Philip Kirwan, Norman M. Arnell, Margolin & Kirwan, Kansas City, Mo., for defendants Judge Barker and Clay.

Gene A. DeLeve, Berman, DeLeve, Kuchan & Chapman, Kansas City, Mo., for defendant ISC Financial Corp.

## MEMORANDUM OPINION AND JUDGMENT DISMISSING COMPLAINT

COLLINSON, District Judge.

The factual background of this case is as follows: The ISC Financial Corporation owned a subsidiary corporation known as Interstate Securities Company, which was engaged in the consumer loan business. In March, 1977 the major portion of its "finance receivables," consisting of loan accounts and installment sale contracts, were sold to Beneficial Corporation. Various forms of insurance had been written in connection with these finance receivables, which apparently consisted of insurance on the consumer goods which secured the loans and credit life insurance policies on the borrowers' lives. This insurance had been written by insurance companies which were also subsidiaries of ISC Financial Corporation. Beneficial was justifiably suspicious of the financial soundness of these companies and, as part of the transaction, ISC guaranteed to Beneficial the payment by these companies of all unearned premiums and claim losses on the insurance coverage connected with the finance receivables purchased by Beneficial.

To secure this guarantee ISC pledged to Beneficial all of the capital stock of Anchor Savings Association owned by ISC (over 99% of the stock of the Association) and delivered physical possession of the stock to Beneficial in accordance with the terms of the pledge agreement. The life insurance companies whose payments were thus guaranteed later went into receivership and numerous checks written to Beneficial by these companies have been dishonored.

On September 7, 1977 ISC filed a petition under Chapter XI of the Bankruptcy Act and listed these pledged shares of stock as assets pledged as collateral security to Beneficial under the above agreement.

Under the local rules of this district that petition was assigned to Division 3 of this Court, over which Chief Judge John W. Oliver presides, and was automatically referred and assigned under the local rules to the Honorable Frank P. Barker, Jr., Bankruptcy Judge. On September 7 and September 15, 1977 Judge Barker entered orders stating that—

"The filing of the petition by the debtor above named operates as a stay of the commencement or continuation of any court proceeding against the debtor, or the enforcement of any judgment against it, of any act or the commencement or continuation of any court proceeding to enforce any lien on the property of the debtor, and of any court proceeding commenced for the purpose of rehabilitation of the debtor or the liquidation of its estate as provided by Rule 11–44."

Of course, this order follows the exact wording of Rule 11–44 and does not enlarge in any way the provisions of that rule, which states that the filing of the petition alone operates as such a stay.

Beneficial Corporation has filed this complaint in three counts, naming as defendants Judge Frank P. Barker, Jr., George H. Clay, the duly appointed receiver of the debtor in the Chapter XI proceedings, and ISC Financial Corporation, the petitioning debtor corporation.

The first count of the complaint seeks a declaratory judgment that the bankruptcy judge of the bankruptcy court has no jurisdiction over the Anchor Savings Association stock or this plaintiff and that, if any such jurisdiction does exist, it is a limited jurisdiction and cannot be exercised to prevent the giving of notice of default and demand for performance by the plaintiff to the debtor and the debtor's receiver; and does not prevent and cannot prevent the disposition of the Anchor Savings Association stock under the pledge agreement. Plaintiff further seeks a declaration that, after giving such notice, the plaintiff may elect to retain all of the stock now held under the pledge agreement in discharge of the obligations of ISC. Plaintiff also prays for a declaration that Rule 11–44(a) of the Bankruptcy Rules of Procedure is unconstitutional as depriving the plaintiff of property rights without due process of law.

Count II prays for an injunction against Judge Barker and the receiver to prevent

and prohibit them from interfering with the giving of the proposed notice of default and demand for performance to ISC and its receiver.

Count III is a request for a full plenary hearing and expedition of proceedings with respect to Count II.

Under the random assignment procedure provided by the local rules in this district, this case was assigned to Division 2 of this Court, which is presided over by the undersigned Judge. The three defendants have filed motions to dismiss this action for lack of jurisdiction, and this motion has been fully briefed by all the parties. The Court has also been favored by a brief from the Securities and Exchange Commission, which declares that it has a paramount interest in the Chapter XI proceedings, but filed its brief without application for or leave of court.

■■■ The plaintiff's arguments in support of its petition are lengthy and ingenious, but this Court finds little support for its position in the cases cited by it. The plaintiff does not discuss section 311 of the Bankruptcy Act, 11 U.S.C.A. § 711, which provides that the court in which the debtor's petition is filed has "exclusive jurisdiction of the debtor and his property, wherever located." In 1 Collier on Bankruptcy § 3.01(7), that eminent authority discusses section 311:

"In matters relating to bankruptcy, the power of Congress is paramount. Even in respect to property adversely claimed and not within the possession of the bankruptcy court, Congress can confer upon it jurisdiction to adjudicate a controversy involving the rights of the trustee to the property, by conferring jurisdiction over the person who has possession of the property. Congress also has the power, subject to constitutional guarantee, to determine to what extent jurisdiction conferred, whether through possession of the res or otherwise, shall be exercised in summary proceedings and to what extent in plenary suits. The summary jurisdiction of the bankruptcy court over 'controversies arising in proceedings

in bankruptcy' under Chapters I to VII has been enlarged by Sec. 311 in arrangement cases under Chapter XI."

The case of *Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47 (2d Cir. 1977), *cert. denied*, 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540, discusses at length both section 311 and Rule 11–44. That opinion states:

"And, indeed, the need for exclusive jurisdiction in bankruptcy proceedings is compelling. Such jurisdiction is necessary to exclude any interference by the acts of others or by proceedings in other courts where such activities or proceedings tend to hinder the process of reorganization." 550 F.2d l. c. 53.

"The policy considerations underlying Rule 11–44 are considerable. The automatic stay of Rule 11–44 is designed to prevent a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts. The stay insures that the debtor's affairs will be centralized, initially, in a single forum in order to prevent conflicting judgments from different courts and in order to harmonize all of the creditor's interests with one another." 550 F.2d l. c. 55.

". . . the need to centralize bankruptcy related proceedings and to prevent a chaotic scramble for the debtor's assets is an interest of paramount importance in the bankruptcy laws." 550 F.2d l. c. 57.

"While the bankruptcy rules cannot, of course, expand the jurisdiction of the federal courts, we think it noteworthy that Rule 11–44 stays all actions, both state and federal in progress when the bankruptcy petition is filed. Such a rule would be useless if those prior, pending actions deprive the bankruptcy courts of jurisdiction over the property involved in them."

Plaintiff relies on a number of well known cases that in a Chapter XI proceeding claims of secured creditors cannot be affected by the plan of reorganization. However, there are a number of cases which hold that that rule does not prevent

the bankruptcy court from enjoining enforcement of the security interest against the property of the debtor corporation pending the proceeding under Chapter XI. In *Akron National Bank & Trust Co. v. Freed & Co.*, 534 F.2d 1235 (6th Cir. 1976), the court upheld the power of the bankruptcy court to enjoin enforcement of a lien "which the court could not affect otherwise." The opinion fully recognized that the court could not otherwise affect the interest of the secured creditor or require him to join in the arrangement.

It should be noted that the bankruptcy rules provide for an orderly process by which the plaintiff can have its day in court on the issue of whether the stay order is proper under the facts of its particular lien. The same rule (Rule 11–44) which provides that the filing of the petition operates as an automatic stay further provides under subsection (d)—

"Upon the filing of a complaint seeking relief from a stay provided by this rule, the bankruptcy court shall, subject to the provisions of subdivision (e) of this rule, set the trial for the earliest possible date, and it shall take precedence over all matters except older matters of the same character. The court may, for cause shown, terminate, annul, modify or condition such stay. A party seeking continuation of a stay against lien enforcement shall show that he is entitled thereto."

The last sentence of the above rule obviously places the burden of proof on the receiver to demonstrate the propriety of continuing the stay after such a complaint is filed. See Collier on Bankruptcy § 11–44.05. This provision providing for an expedited hearing upon a complaint for relief from the automatic stay granted by Rule 11–44(a) is almost identical to the provisions of Rule 65 of the Rules of Civil Procedure providing for expedited hearings after the granting of a temporary restraining order. Of course, the aggrieved party from the decision of the bankruptcy judge would have all the rights of appeal from that decision.

It should be noted that in this case the plaintiff makes no claim of ownership of the Anchor Savings Association stock. In fact, all of the allegations of the complaint and the prayer for relief are premised upon the fact that the debtor corporation has legal title to the stock and that the plaintiff Beneficial has a lien upon the stock, which it seeks to enforce. The many cases discussing summary and plenary jurisdiction based upon the distinction between "colorable" and substantial claims to property of the bankrupt, therefore, have no application under this set of facts.

All of the parties to this case have advised the Court that they are anxious to secure an early resolution of the issues raised by the motions to dismiss. From the Court's viewpoint, it is unnecessary to discuss any of the other arguments advanced, by reason of the Court's conclusions from the above authorities. The Court finds that Rule 11–44 is constitutional and clearly stays any act to enforce any lien against the property of the debtor. Beneficial Corporation has a lien against the debtor's stock of the Anchor Savings Association, which has been perfected by Beneficial receiving and retaining the physical possession of the stock certificates evidencing that stock ownership. The stock certificates are the property of the debtor and Beneficial is at the present time stayed from performing any act to enforce that lien.

Section 311 of the Bankruptcy Act vests exclusive jurisdiction over this stock, which is the property of the debtor, in the bankruptcy court in which the Chapter XI petition was filed, regardless of the fact that the debtor did not have physical possession of the stock at the date of the filing of the petition. This Court has no jurisdiction to divest the bankruptcy court of the statutory jurisdiction vested in it, which would necessarily occur if this Court granted any of the relief which is sought in this case. The rehabilitative purposes of Chapter XI procedures are too well known to require discussion and the necessity for an orderly process in one court to accomplish this purpose is clearly contemplated by the provisions of Chapter XI and by the express provisions of section 311.

For the foregoing reasons, it is hereby ORDERED, ADJUDGED AND DECREED that the separate motions of each of the defendants to dismiss this complaint for lack of jurisdiction are each granted, and this cause is ordered dismissed with prejudice at plaintiff's cost.