**In re William F. MILLER, Debtor.**

**William F. MILLER, Plaintiff,**

v.

**The SAVINGS BANK OF BALTIMORE, Defendant.**

Bankruptcy No. 80–2–2376–L.
Adv. No. 81–0010.

United States Bankruptcy Court,
D. Maryland.

April 29, 1981.

Lawrence O. Burman, Odenton, Md., for debtor.

F. Thomas Rafferty, Piper & Marbury, Baltimore, Md., for creditor.

## MEMORANDUM OPINION AND ORDER

HARVEY M. LEBOWITZ, Bankruptcy Judge.

On December 15, 1980 William Fred Miller (the "Debtor") Plaintiff herein, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Reform Act of 1978, Pub.L.No.95–598, 92 Stat. 2683 (1978) (codified at 11 U.S.C. §§ 101–1330 (Supp. III 1979)) (the "Code"). The personal property listed in his Schedule B–2 included a 1979 Plymouth Duster, which was subject to a security interest in favor of The Savings Bank of Baltimore (the "Bank"), Defendant herein. The Debtor defaulted on its security agreement with the Bank and in the early morning of January 2, 1981, the Bank repossessed the Debtor's automobile, having at that time no actual knowledge that the Debtor had filed for relief under Chapter 7. The Bank received this information later in the morning of January 2, 1981 from the Debtor's attorney, but, nevertheless, refus-ed to return the automobile to the Debtor. Because the Debtor had no method of transportation to and from his job in Laurel, Maryland, he was suspended by his employer.

The foregoing facts were found by the Court at a hearing held February 3, 1981 on the Complaint For Return Of Property And Application For Contempt filed by the Debtor. The Complaint alleges that the actions of the Bank constitute a violation of the stay imposed by § 362(a) of the Code, and seeks a return of the vehicle, reimbursement for lost wages, and reimbursement for attorney's fees. The Debtor also requests that the Bank be held in contempt for its willful refusal to return the vehicle after being informed of the filing of the Chapter 7 petition.

The Bank takes the position that once it obtained possession of the automobile without knowledge of the filing, it was not obligated to return the automobile to the Debtor, and therefore, it could neither be held in contempt for failing to do so nor be liable to the debtor for damages.[1] The Bank relies on In re Abt, 1 C.B.C.2d 374, 2 B.R. 323 (Bkrtcy.E.D.Pa.1980), in which the court held on facts identical to those in the case at bar that a secured creditor could not be held in contempt for repossessing the debtor's automobile in violation of the stay when it had no actual knowledge that the debtor had filed a petition for relief under the Bankruptcy Code. Moreover the Abt court refused to hold the creditor in contempt for failing to return the car on learning of the filing. In doing so, the Abt court applied a narrow construction to § 362 and interpreted that section as not requiring creditors to take affirmative action, and therefore found no violation of any order of court or of the stay.

This Court agrees with the decision in In re Abt in part and holds that the initial repossession of the automobile by the Bank was not a contemptuous act. No contempt can be found where a creditor

---

1. The Bank also asserted counterclaims for conversion and/or relief from the automatic stay, naming the trustee of the estate as an additional party defendant. These were dismissed because they were not timely filed.

acts without knowledge that the debtor has sought relief under the Code. *See also In re Hailey*, 621 F.2d 169 (5th Cir. 1980); 2 Collier on Bankruptcy, ¶ 362.11 (15th ed. 1980).

The Court does not agree, however, with the further holding of the Court in *Abt* with respect to failure to return the property and declines to follow it. The absence from § 362 of any express provision that a creditor take affirmative action does not mean that on receiving notice of the filing by a debtor of a petition in bankruptcy, a creditor may do nothing. He may, for example, be required to cancel a foreclosure sale, postpone a hearing scheduled in a matter pending against the debtor, dismiss an action filed against the debtor in violation of the stay, or to take other affirmative action, the failure of which would itself constitute a violation or continuing violation of the stay. It is implied in § 362 that a creditor is under an obligation to maintain the status quo as of the moment of the filing of the petition and to take whatever affirmative action is necessary to do so.

An action taken in violation of the stay is void *ab initio* whether it is taken with knowledge of the stay or without. *In re Eisenberg*, 3 C.B.C.2d 440, 7 B.R. 683 (Bkrtcy., E.D.N.Y.1980); *See also* 2 Collier on Bankruptcy, ¶ 362.11 (15th ed. 1980). A creditor who has taken such an action is therefore under an obligation to reverse it and to restore the status quo. The retention of an improved position gained by the creditor in violation of the stay is itself a continuing violation of the stay, and done knowingly, is grounds for contempt.

The Bank's repossession of the Debtor's automobile eighteen days after the Debtor filed his petition under Chapter 7, while not a contemptuous act, was nevertheless in violation of the stay and void *ab initio*. When the Bank failed to return the vehicle after learning that the Debtor had filed a Chapter 7 petition, it was in willful violation of the stay. Therefore, the Court finds the Bank guilty of contempt.

As a direct result of the Bank's failure to return the automobile, the Debtor suffered severe and specific damages. He was suspended from his job because he had no method of transportation from his home in Glen Burnie, Maryland to his place of employment in Laurel, Maryland. Testimony established that he lost four weeks of work and that his weekly salary averaged $124.00 base pay plus $90.00 commissions. The Court therefore awards the Debtor $856.00 in damages, plus costs, but not counsel fees.

There was also testimony that immediately prior to repossession, the Debtor had allowed insurance coverage on the automobile to lapse. Therefore, the Court awards possession of the vehicle to the Debtor, but the Bank need not return the vehicle until it is satisfied that the Debtor has obtained insurance.

It is therefore ORDERED:

1. That the Bank return the automobile to the Debtor immediately upon the Debtor's furnishing evidence of insurance coverage;

2. That the Bank pay to the Debtor compensatory damages in the amount of $856.00; and

3. That the Bank is found in contempt for its violation of the stay imposed by § 362 of the Bankruptcy Code, but no fine is imposed.