In the Matter of Maymie Clara CARTER, Debtor.

Maymie Clara CARTER, Plaintiff,

v.

Austin E. VAN BUSKIRK, Charles E. Beckner, Gary Allen, Century Management, Inc. and Jack A. Lewis, Defendants.

Bankruptcy No. 79–01263–1–13.
Adv. No. 80–0117.
Civ. No. 81–0537–CV–W–6.

United States District Court,
W. D. Missouri, W. D.

Dec. 28, 1981.

Maurice B. Soltz, Soltz & Shankland, Kansas City, Mo., for plaintiff.

Jack A. Lewis, North Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

SACHS, District Judge.

Pending is the appeal of Jack Lewis, Esq., counsel for Century Management, Inc., from the April 10, 1981 order of the bankruptcy court holding him in civil contempt, and assessing compensatory damages and $350 attorney's fees, for a total recovery of $587.92. The bankruptcy court denied a request for punitive damages. The contempt was based on Century's eviction of plaintiff debtor, in violation of the automatic stay provision of 11 U.S.C. § 362, and in violation of the bankruptcy court's restraining order of April 2, 1980.

■ Appellant contends that no stay was in effect as to Century because Century was not listed as a creditor in the debtor's Chapter 13 schedule. This argument is based on Rule 13–401(c), Rules of Bankruptcy Procedure. This rule is incompatible with the new Bankruptcy Code, however, and has been superseded by section 362 of the Code.[1] *In re Terry,* 12 B.R. 578, 580–81 n. 3 (Bkrtcy E.D.Wis.1981); 1 *Collier Bankruptcy Manual* ¶ 362.02 (3d ed. 1980).

■ Section 362(a)(3) operates as an automatic stay of "any act to obtain possession of property of the estate or property from the estate." The stay, "one of the fundamental debtor protections provided by the bankruptcy laws," H.R.Rep. No. 595; 95th Cong 1st Sess 340 (1977), *reprinted in* [1978] *U.S.Code Cong. & Ad.News* 5787,

---

1. The Bankruptcy Court's restraining order stated that it was issued pursuant to Rule 13–401. The reference is unfortunate, but inconse-quential, in light of our discussion of collateral attack in contempt proceedings, *infra.*

6296, does not require actual notice to be effective. The filing of the petition operates as notice to the world.[2] *Mueller v. Nugent*, 184 U.S. 1, 14, 22 S.Ct. 269, 274, 46 L.Ed. 405 (1902); *Bank of Marin v. England*, 352 F.2d 186, 192 (9th Cir. 1965). Nevertheless, violation of the stay will not support a contempt citation in all cases. *See, e.g. Springfield Bank v. Caserta*, 10 B.R. 57 (Bkrtcy.S.D.Ohio 1981); *In re Womack*, 4 B.R. 632 (Bkrtcy.E.D.Tenn.1980). We need not decide whether the finding of contempt below is supported by the violation of the automatic stay because appellant violated a restraining order of the bankruptcy court as well.

▇ The law governing the violation of a court order such as is involved here has been stated by the United States Supreme Court as follows:

"An injunction duly issuing out of a court of general jurisdiction with equity powers upon pleadings properly invoking its action, and served upon persons made parties therein and within the jurisdiction, must be obeyed by them however erroneous the action of the court may be, even if the error be in the assumption of the validity of a seeming but void law going to the merits of the case. It is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected, and disobedience of them is contempt of its lawful authority, to be punished."

*Walker v. Birmingham*, 388 U.S. 307, 314, 87 S.Ct. 1824, 1828, 18 L.Ed.2d 1210 (1967) (quoting *Howat v. Kansas*, 258 U.S. 181, 189–90, 42 S.Ct. 277, 66 L.Ed. 550 (1922)). The validity of the order violated may not be collaterally attacked in the contempt proceedings. *Howat*, 258 U.S. at 189, 42 S.Ct. at 280. Rule 65(d), Federal Rules of Civil Procedure, made applicable to bank-

ruptcy proceedings by rule 765, Rules of Bankruptcy Procedure, provides that a restraining order applies to a party's attorneys as well as to the party itself.

The key to whether appellant was bound by the restraining order so that his conduct constituted contempt rests with the question of notice. Appellant received telephone calls from plaintiff's counsel informing him that plaintiff had filed under Chapter 13 and had obtained a restraining order. Tr. at 28. Appellant testified, however, that he did not believe he was bound by the restraining order until he received a copy of it. Tr. at 35–37. In essence, the contention is that a court order may be disregarded, absent formalized notice. The contention must be rejected, at least when the protected party has suffered injury, and seeks compensation.

▇ Rule 65(d) provides that a restraining order is binding upon those "who receive actual notice of the order by personal service *or otherwise.*" (emphasis added) This provision reflects settled law that service of a copy of the order itself is not necessary so long as the party to be bound has actual knowledge of the order. *In re Lennon*, 166 U.S. 548, 554, 17 S.Ct. 658, 660, 41 L.Ed. 1110 (1897); *Hill v. United States*, 33 F.2d 489, 490 (8th Cir. 1929); *Chanel Industries, Inc. v. Pierre Marche, Inc.*, 199 F.Supp. 748, 753 (E.D.Mo.1961). Although personal service of the order or a telephone call from the staff of the bankruptcy court itself, *see Backo v. Local 281, United Bro. of Carpenters & Joiners*, 308 F.Supp. 172, 174 (N.D.N.Y.1969), might well have avoided the difficulties that arose in this case, the telephone call from plaintiff's counsel was sufficient to provide appellant with notice of the restraining order. If appellant had any doubts regarding the representations of plaintiff's counsel, it was incumbent upon appellant to contact the bankruptcy court, rather than to do nothing, knowing that his client was about to evict plaintiff. *See In*

---

**2.** Appellant contends that section 362 is unconstitutional but offers no detailed argument in support of this contention. Numerous courts, including this Court, *Beneficial Corp. v. Barker*,

445 F.Supp. 101, 105 (W.D.Mo.1977), have upheld the constitutionality of the bankruptcy stay provisions. We will not consider this argument further.

re *MacDonald*, 6 B.R. 23 (Bkrtcy.N.D.Ohio 1980).

For the reasons stated above, it is hereby

ORDERED that the order of the bankruptcy court, dated April 10, 1981, finding the appellant in contempt of court, is AFFIRMED.[3]

---

**3.** Appellant challenges the alleged "preferential treatment" accorded the Court Administrator, as to whom the bankruptcy court found insufficient evidence to justify a contempt citation. This appeal is concerned with the conduct of appellant, whose conduct did warrant a finding of contempt, and the correctness of the finding as to the Court Administrator is not before us.

Appellant also challenges the bankruptcy court's award of attorney fees. The bankruptcy court was in a better position than is this Court to determine the appropriate amount of fees to award and the award does not appear so extreme as to warrant a reduction by this Court. The award will not be disturbed.