**In re Daniel D. JOHNSON, Barbara J. Johnson, Debtors.**

**Bankruptcy No. 2–81–03770.**

United States Bankruptcy Court, S. D. Ohio, E. D.

Jan. 19, 1982.

Mitchel D. Cohen, Columbus, Ohio, for debtors.

Claude W. McLeskey, Kelly M. Morgan, McLeskey & McLeskey, Columbus, Ohio, for Chrysler Credit Corp.

Frank Pees, Worthington, Ohio, Trustee.

### ORDER ON APPLICATION FOR CONTEMPT JUDGMENT

R. J. SIDMAN, Bankruptcy Judge.

On November 6, 1981, the debtors, Daniel D. and Barbara J. Johnson, filed an application with this Court requesting that this Court find Chrysler Credit Corporation ("Chrysler") in contempt of this Court for certain of its conduct which is alleged to be in violation of the provisions of § 362 of the Bankruptcy Code. 11 U.S.C. § 362. The Court finds the following facts.

On November 23, 1979, the Johnsons filed a joint petition under the auspices of Chapter 13 of the Bankruptcy Code. That case

(No. 2–79–03506) proceeded to confirmation on January 29, 1980, and remained pending as a Chapter 13 case until September 4, 1981, when this Court issued an order of dismissal based upon the default of the debtors in payments to the Chapter 13 trustee as called for in their confirmed plan. Chrysler (under the name of Chrysler Life Insurance Co.) was a duly scheduled creditor in this proceeding and had received written notification of its pendency. Chrysler was also mailed a copy of the September 4, 1981 dismissal order the same day it issued.

Subsequent to that dismissal the Johnsons filed on September 24, 1981, another joint petition under the auspices of Chapter 13 of the Bankruptcy Code, a filing bearing the above-captioned case number. This filing was not accompanied by a Chapter 13 statement which would have included a listing of the creditors of these debtors, and thus no immediate notification of this filing was sent to creditors. Subsequently, on October 5, 1981, the Johnsons moved to convert the recently filed Chapter 13 case to a Chapter 7 case and, by order dated October 9, 1981, such conversion was allowed. The Johnsons finally filed a statement of affairs and appropriate schedules with this Court on October 28, 1981, such filing causing the issuance by the Clerk of this Court of a notice to all creditors of the pendency of the case. This notice was mailed to creditors on November 6, 1981. Thus, as far as notification from this Court is concerned, Chrysler had no indication that, between September 4, 1981, and November 6, 1981, the Johnsons had any case pending in this Court.

The Johnsons request that this Court find Chrysler in contempt of this Court by reason of its repossession of two motor vehicles, a 1977 Dodge Diplomat and a 1977 Dodge Tradesman Van, from the debtors on November 3, 1981, and its continuing refusal since that time to return such vehicles to the debtors after gaining knowledge of the pendency of this bankruptcy case.

There is no doubt that in this case the provisions of § 362 of the Bankruptcy Code have been violated. Specifically, the filing of a petition *automatically* operates as a stay against the following actions:

"(3) Any act to obtain possession of property of the estate or of property from the estate;

(4) Any act to create, perfect, or enforce any lien against property of the estate; and

(5) Any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; ... " 11 U.S.C. § 362(a)(3), (4) & (5).

■ Chrysler has taken acts to obtain property of the estate and to enforce its lien against property of the estate since the filing of the petition by these debtors on September 24, 1981. This stay is automatically imposed, and Chrysler's lack of "official" notification from this Court is no defense to the finding that a violation did, in fact, occur.

The Johnsons, however, request not only a finding that a violation of the stay did in fact occur, but also a finding that the conduct of Chrysler constitutes contempt of court and that certain monetary damages suffered as a result of such conduct be assessed against Chrysler. The justification for this request is largely that Chrysler, upon acquiring knowledge of the pending bankruptcy case, such knowledge first being imparted by a telephone call from debtors' counsel to the attorney for Chrysler on the same day the vehicles were repossessed, continued and still continues to refuse to rectify the actions complained of by a return of the vehicles in question.

■ There can be no contempt of court emanating from conduct which is taken without chargeable knowledge that such conduct is in violation of a court order. *Pickus v. Vitagliano (In re Pickus)*, 8 B.R. 114, 7 B.C.D. 189 (Bkrtcy.D.Conn.1980). However, actions taken which are, in fact, violative of a court order (or of a provision of bankruptcy law), while not necessarily contemptuous, are void and without legal

basis. See *Pickus, supra,* 8 B.R. at 118–119, 7 B.C.D. at 192.

This Court would be inclined to absolve Chrysler of any liability for damages emanating from its initial unlawful repossession had it returned the repossessed vehicles upon learning of the pendency of the bankruptcy case on November 3, 1981. However, nothing in the record would appear to justify Chrysler's continuing refusal to correct its unlawful action from November 3 to the present. This Court hereby finds that the failure of Chrysler to return the unlawfully repossessed vehicles upon learning of the pending bankruptcy case is conduct which constitutes a wilful disregard of the clear mandate of the bankruptcy code that actions by creditors are severely limited by a bankruptcy filing. See *Miller v. The Savings Bank of Baltimore (In re Miller),* 10 B.R. 778, 4 C.B.C.2d 530 (Bkrtcy.D. Md.1981). Having obtained knowledge of the fact that its repossession post-dated a bankruptcy filing, Chrysler had a duty to return the possession of the vehicles to the debtors, thereby restoring the status quo as it existed at the time of the bankruptcy filing. See *Miller, supra,* 10 B.R. at 780, 4 C.B.C.2d at 532.

Chrysler has not provided any explanation as to why it continued to hold the unlawfully repossessed vehicles after actual notification of the pendency of this bankruptcy case. Chrysler had the benefit of legal counsel at all times and it has not, and could not, therefore claim ignorance of the law as an excuse. It's plea of "self-protection" cannot be sufficient—that excuse would validate a last minute scramble by creditors to grab (after a bankruptcy filing but prior to "official" notification) any or all of a debtor's assets, a result clearly in conflict with the equal distribution objective of the Bankruptcy Code and the automatic stay provided for in § 362. Chrysler had a remedy available to it to protect its interest in the vehicles—§ 362(d) of the Bankruptcy Code gives a creditor a right to request relief from the § 362 stay if it is not adequately protected. And such relief is to be given by the bankruptcy court on an expedited basis, a recognition of the need to afford protection to a creditor's interest in assets of the bankruptcy estate. Chrysler, instead, chose to ignore the effect of the bankruptcy filing. That choice was imprudent. This Court can only assume that Chrysler was willing to take the risk that its conduct would result in damages to the debtors, or other parties, and that it was willing to assume the risk that such damages would ultimately be its responsibility. The Court so finds in this case.

This continued retention of the vehicles by Chrysler has caused damage to the debtors in the form of missed work. Mrs. Johnson testified that she has lost 16 to 17 days of work since the repossession because she was unable to secure transportation. She works as a private duty nurse in varying locations, and transportation was not otherwise available to her. Mrs. Johnson further testified that her hourly rate for such work was $4.00 per hour and that she worked between 8 to 12 hours per day. The Court hereby finds that the loss of wages approaches $500.00 in this case, not an insubstantial amount considering the financial plight of these debtors which caused their filing in the first place.

Based upon the foregoing findings, the Court hereby finds Chrysler in civil contempt of court for its failure to return the unlawfully repossessed vehicles to the debtors upon acquiring knowledge of the pending bankruptcy case. The Court further finds that as a direct result of such contempt the debtors have suffered damages amounting to Five Hundred Dollars ($500.00), and the Court hereby assesses such compensatory damages as a civil penalty against Chrysler. Chrysler shall pay such damages within ten (10) days of the date of this Order. The debtors, having requested no other form of relief, are accorded no other relief.

IT IS SO ORDERED.