**In re Roland T. SERBUS, Debtor.**

**Roland T. SERBUS, Plaintiff,**

**v.**

**FIRST NATIONAL BANK OF ELBOW LAKE; First National Bank of Fergus Falls; Clarence Lennes; and Pollard's Mills and Elevator Company, Defendants.**

Bankruptcy No. 4–84–1472.
Adv. No. 4–84–197.

United States Bankruptcy Court,
D. Minnesota.

July 9, 1985.

Michael A. Fahey, of Nicklaus, Monroe & Fahey, P.A., Chaska, Minn., for plaintiff.

Scott T. Johnston, of Thornton, Hegg, Reif & Johnston, Alexandria, Minn., for defendant Lennes.

## ORDER

MARGARET A. MAHONEY, Bankruptcy Judge.

The above-entitled matter came on for hearing before the undersigned Judge on July 1, 1985, on the motion of the Debtor to have Clarence Lennes held in contempt and to have Clarence Lennes turn over certain property and for attorneys' fees.

For the reasons outlined below, I am requiring turnover of the property to the debtor and denying the contempt and attorneys' fees motions.

## FACTS

Debtor Roland T. Serbus filed a chapter 11 bankruptcy petition on August 24, 1984. At that time he possessed as property of the estate, a growing corn crop. On November 3, 1984, Debtor entered into a written agreement with an agent of Clarence Lennes, Edward Pollard, re storage of the corn in Clarence Lennes' grain storage bins on the property of Clarence Lennes. The Debtor and Mr. Lennes agreed that the storage fee would be $.03 per bushel per month. After November 3, 1984, Debtor stored approximately 15,000 bushels of corn in Mr. Lennes' storage bins.

In March of 1985, Debtor desired to sell the stored corn. Mr. Lennes has been unwilling to release the corn stored in his bins to the Debtor without prior payment of the storage fees. When the Debtor informed Mr. Lennes he was going to have the grain picked up, Mr. Lennes moved two pieces of farming equipment in front of the doors to the storage bins so that no one can gain access to the bins. Debtor's counsel and counsel for Mr. Lennes have corresponded in regard to the problem.

Debtor's counsel claims $250 in attorneys' fees were expended in preparation of this motion.

## DISCUSSION

This issue is a novel one for the Court. The legal issue involved here, in essence, is "Can a statutory lien be created after a bankruptcy filing without Court approval?"

Debtor entered into a contract in the ordinary course of his business with Mr. Lennes re storage of his corn. Under Minnesota law, any person who stores personal

property "at the request of the owner ... shall have a lien upon such property for the price or value of such storage ... and the right to retain the property in his possession until such lien is lawfully discharged". M.S.A. 514.18, subd. 1. There is no need to file any documentation in regard to such a lien. The lien simply arises upon storage. The possessory lien is lost at such time as the possessor surrenders possession of the property. M.S.A. 514.18, subd. 2.

Therefore, in this case, if there were no bankruptcy, a statutory possessory lien in favor of Mr. Lennes would have arisen at the time the Debtor brought his corn to Mr. Lennes for storage. If Mr. Lennes now returned the property or surrendered it to the Debtor, he would lose his lien.

Under the Bankruptcy Code, chapter 11 debtors in possession are able to conduct their businesses during the bankruptcy proceedings. Roland Serbus is a chapter 11 Debtor and is therefore able to conduct his farming operation during the bankruptcy.

However, under 11 U.S.C. § 364, a debtor in possession is to follow certain procedures when he wishes to incur secured debt. 11 U.S.C. § 364(a) allows a debtor to obtain unsecured credit and incur unsecured debt in the ordinary course of business.[1] In this case, however, the Debtor was *not* incurring unsecured debt. The Debtor, by storing his grain and allowing the creation of a statutory possessory lien, was in fact incurring secured debt.

■ Under 11 U.S.C. § 364(c)(2) the debtor in possession may obtain credit "secured by a lien on property of the estate that is not otherwise subject to a lien" or under 11 U.S.C. § 364(d)(1) the debtor in possession may obtain credit secured by a "senior or equal lien on property of the estate that is subject to a lien" only upon "notice and a hearing". In order to have any lien created during the pendency of the bankruptcy, the debtor in possession must have a hearing prior to imposition of the

lien or otherwise comply with 11 U.S.C. § 102(1) and Bankruptcy Rule 2002.

■ Since the Debtor has no power but that granted to him under the Bankruptcy Code, the Debtor was without power to enter into the contract for storage of his grain without Court approval and without power to secure the grain storage contract by a possessory lien under M.S.A. 514.18 without Court approval.

■ Clarence Lennes' actions also violated the Bankruptcy Code. Under 11 U.S.C. § 362(a)(4) of the Bankruptcy Code, any act "to create ... any lien against property of the estate" is a violation of the automatic stay. The legislative history of 11 U.S.C. § 362(a)(4) provides that § 362(a)(4):

> "... stays lien creation against property of the estate. Thus, taking possession to perfect a lien or obtaining court process is prohibited. To permit lien creation after bankruptcy would give certain creditors preferential treatment by making them secured instead of unsecured."

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 341 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 50 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. *See also Landmark v. Schaefbauer (In re Landmark)*, 41 B.R. 766 (Bktcy.D.Minn.1984). Such acts are void and without effect or are voidable. *In re Scott*, 24 B.R. 738 (Bktcy. M.D.Ala.1982) (Mortgage foreclosure conducted in violation of stay was void even where creditor acted in good faith); *Thacker v. Etter (In re Thacker)*, 24 B.R. 835 (Bktcy.S.D.Ohio 1982) (Garnishment of debtor's paycheck in violation of the automatic stay was void *ab initio* ); *Miller v. Savings Bank of Baltimore (In re Miller)*, 10 B.R. 778 (Bktcy.D.Md.1981) (Debtor's car was repossessed after bankruptcy filing and violation of stay by repossession was held to be void); *See also In re Eisenberg*, 7 B.R. 683 (Bktcy.E.D.N.Y.1980); *Advent Corp. v. Fidelity & Deposit Company .of Maryland, (In re Advent)*, 24 B.R. 612 (Bktcy.1st Cir.1982); *Young v. Critton*

---

1. 11 U.S.C. § 364(a) refers to a "trustee" who is operating a business. Under 11 U.S.C. § 1107(a), a debtor in possession has all of the rights and powers of a trustee.

*(In re Young),* 14 B.R. 809 (Bktcy.N.D.Ill. 1981); *In re Oliver,* 38 B.R. 245 (Bktcy.D. Minn.1984) (Foreclosure proceeding conducted in violation of stay is voidable not void and was not voided due to debtor's inaction for 7 months). *See also Hadsell v. Philadelphia Life Insurance Company v. Estate of Fuel Oil Supply Terminaling, Inc. (In re Fuel Oil Supply and Terminaling, Inc.),* 30 B.R. 360 (Bktcy.N.D.Tex. 1983). In this case, Lennes' acceptance of the grain for storage was an act creating a possessory lien.

Because both the debtor and the creditor are prohibited by the Code from doing the acts necessary to cause a possessory lien to arise without Court approval or action, the possessory lien is void or voidable. I find no reason to validate the incorrect actions of either party in this case. Although the violation of the stay may be only voidable, I find no authority allowing validation of an improperly granted postpetition lien under § 364. It would be impossible to validate Lennes' action and not the Debtor's.

■ However, since the issue is a novel one, at least to this Judge, there are not sufficient grounds to find that Clarence Lennes should be held in contempt of Court or that attorneys' fees should be awarded. *Bray Enterprises, Inc. v. First Vermont Bank and Trust Company (In re Bray Enterprises, Inc.),* 38 B.R. 75 (Bktcy.D.Vt. 1984); *In re Johnson,* 16 B.R. 193 (Bktcy. M.D.Fla.1981); *Augustino Enterprises, Inc. v. Amgro, Inc. (In re Augustino Enterprises, Inc.),* 13 B.R. 210 (Bktcy.D.Mass. 1981); *Miller v. Savings Bank of Baltimore, supra.* Also, the Debtor is equally at fault in allowing the corn to be stored without obtaining Court approval.

IT IS THEREFORE ORDERED that:

1. The motion of Debtor Roland T. Serbus for turnover of his 1984 grain crops stored in the storage bins of Clarence Lennes is granted and Clarence Lennes is hereby directed to turn over all grain of Roland T. Serbus to the Debtor.

2. Clarence Lennes has no lien which attaches to any grain of Roland T. Serbus

which arises solely by virtue of Clarence Lennes' storage of the grain.

3. All other motions of all parties are denied.