**In re John LaTEMPA, Debra Leigh LaTempa, Debtors.**

**John LaTEMPA, Plaintiff,**

**v.**

**Richard LONG, Defendant.**

**Bankruptcy No. 7–85–01327–R.**

**Adv. No. 7–85–0247.**

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

March 17, 1986.

Tonita M. Foster, Roanoke, Va., for debtors/plaintiff.

Phillips, Doherty & Swanson, Salem, Va., for defendant.

J. Glenwood Strickler, Roanoke, Va., Trustee.

H. CLYDE PEARSON, Bankruptcy Judge.

The issue before the Court is whether the Defendant should be held in contempt for repossession and retention of the Plaintiff's vehicle after filing of the Bankruptcy petition.

The facts appear as follows. The Defendant, Richard Long, operates Thrifty Auto Sales in Roanoke, Virginia. On May 28, 1985, the Debtor-Plaintiff, John LaTempa, entered into a contract to purchase a 1969 Ford van from Thrifty Auto Sales for use in his employment as a carpet installer. The contract provided for a trade-in of the Debtor's previous vehicle, a cash down payment, and payment of the remaining bal-

ance in monthly installments of $75.00 each. The certificate of title for the vehicle lists Thrifty Auto Sales as the first lien-holder.

The Debtors filed their Chapter 13 petition in this Court on November 13, 1985. An Order staying levy and garnishment was entered on that date. At that time, the Debtor was delinquent on his October payment on the vehicle. Several days prior to filing of the petition, Long had repossessed the LaTempas' other vehicle, a Ford Pinto station wagon. Mrs. LaTempa testified that on November 14, 1985, she spoke with Long by phone, informing him of the Bankruptcy filing and stating that in light thereof, he was not allowed to repossess their van. According to Mrs. LaTempa, Long replied "That's what you think". Long in his testimony, which is not positive, denies receiving this call or making such a statement.

In the early morning hours of November 16, 1985, three days following the filing of the petition in this Court, at the direction of the Defendant, a towing service repossessed the van. Upon awakening and finding the vehicle missing, the LaTempas contacted their attorney. Later that day, Mrs. LaTempa hand delivered a copy of the Order staying levy or garnishment to Ronald Richardson, an employee at Thrifty Auto Sales. Richardson called Long at his home, informing him of the notice. Long contacted the Debtors' attorney and, afterward, told his employees to gather the Debtor's work tools which had been left in the van so they could be picked up. However, Long declined to return the van until he was able to determine his rights. On Monday, November 18, 1985, Long called his Dealers Association and was advised not to return the vehicle. The following day, he spoke with his attorney, who told him to return the vehicle. In the meantime, he apparently consulted with another local attorney.

LaTempa testified that during the time he was without possession of the van, he received several calls to install carpet. He was unable to accept the jobs since he had neither his work tools (which he could not pick up due to lack of transportation) nor the van to carry larger equipment necessary for his work. LaTempa estimated his damages for this three-day period to total approximately $500.00.

On November 20, 1985, the Debtor filed a Complaint seeking recovery of his van, damages for lost work, and payment of costs and attorney's fees for violation of the automatic stay of 11 U.S.C. § 362(a). Following hearing on February 10, 1986, Counsel for the Debtors was given leave to file a petition detailing attorney's fees. The petition seeks an award of $350.00 for a total of 10.50 hours expended on this case. The matter was taken under advisement for decision.

In relevant part, § 362(a) provides that the filing of a Bankruptcy petition operates as a stay of:

"(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate."

▓ Under § 362(a), the automatic stay is effective upon filing of the petition. It does not require actual notice to the creditors to be effective. *Matter of Carter*, 16 B.R. 481 (W.D.MO 1981), *aff'd* 691 F.2d 390 (8th Cir.1982); *In re Victoria Grain Co. of Minneapolis*, 45 B.R. 2 (Bankr.D.MN 1984); *In re Shriver*, 46 B.R. 626 (Bankr.N.D.OH 1985). Actions taken in violation of the automatic stay are void *ab initio* and without effect, regardless of lack of knowledge of filing of the petition. *In re Advent Corp.*, 24 B.R. 612 (Bankr. App. 1st Cir.1982); *Matter of J & L Transport, Inc.*, 47 B.R. 51 (Bankr.W.D.WI 1985); *In re Young*, 14 B.R. 809 (Bankr.N. D.IL 1981); *In re Miller*, 10 B.R. 778, *aff'd* 22 B.R. 479 (D.MD 1982); *see, also, In re Barksdale*, 15 B.R. 731 (Bankr.W.D.VA 1981).

▓ Violations of the automatic stay constitute civil contempt for which the

Bankruptcy Court may impose a remedy. *In re Pody*, 42 B.R. 570, 574 (Bankr.N. D.AL 1984), citing *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306 (11th Cir.1982). A violation of the automatic stay will not support a finding of contempt in all cases. *In re Mack*, 46 B.R. 652 (Bankr.E.D.PA 1985); *In re Porter*, 25 B.R. 425 (Bankr.D.VT 1982); *Matter of Carter, supra*, at 483. Each alleged violation must be considered in its entirety. *In re Ramage*, 39 B.R. 37 (Bankr.E.D.PA 1984). Where the violation of the stay is inadvertent or technical, contempt is not an appropriate remedy. 2 *Collier on Bankruptcy*, ¶ 362–11 at 362–67 (15th Ed.1985); *In re Harlow*, 12 B.R. 1 (Bankr.D.VT 1981). However, if the violation of the stay is a willful or knowing one, contempt is an appropriate remedy. *Matter of R & M Porter Farms, Inc.*, 38 B.R. 88 (Bankr.MO 1984); *In re Van Riper*, 25 B.R. 972 (Bankr.W.D.WI 1982); 2 *Collier on Bankruptcy, supra*, at 362–67; *see also Fidelity Mortgages Investors v. Camelia Builders, Inc.*, 550 F.2d 47 (2d Cir.1976), *cert. denied*, 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977). To support a finding of contempt, the party accused must be shown to have had notice or knowledge sufficient to be aware of the proscribed conduct. *Matter of Behm*, 44 B.R. 811 (Bankr.W.D.WI 1984).

The appropriate remedy for willful violations of the automatic stay has been codified in § 362(h), added by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353 (1984). Section 362(h), added by the 1984 amendment, provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages." Prior to this enactment, some courts had held that violation of the stay of § 362 did not result in damage to the debtor. The Congress obviously sought to put this issue to rest.

It is undisputed that the Debtors filed their Bankruptcy petition on November 13, 1985. The Court finds that the positive testimony of Mrs. LaTempa as to her call to inform Defendant put Defendant on notice of the stay. Mrs. LaTempa testified that she had informed the Defendant of the Bankruptcy filing and was worried about going to bed that evening for fear that the van would be repossessed.[1] The call had a sufficient motivating base. This Court cannot ignore the fact that the Defendant continued in possession of the vehicle after November 16, 1985 when he received notice and a copy of this Court's Order staying levy and garnishment. The Order clearly states that as of the date of filing of the petition, creditors are prohibited from enforcing any lien or judgment against property by any legal or equitable process without leave of this Court. The effects of this Order were explained by Counsel for the Debtors. The Defendant contends that his possession of the vehicle does not constitute a willful violation entitling the Debtors to recover damages since he was simply attempting to protect his interest.

In considering this case, attention is drawn to *Matter of Behm*, 44 B.R. 811 (Bankr.W.D.WI 1984), in which there were conflicts in the evidence regarding whether the debtor informed the creditor of the Bankruptcy filing. After repossession of the debtor's vehicle, the creditor was called by the debtor's attorney and informed of the filing. Nevertheless, the creditor retained possession of the vehicle and ultimately sold it. The Court concluded that the continued possession and sale of the vehicle with knowledge of the filing represented a separate violation of the stay which amounted to contempt, for which damages may be awarded. *Id.*, at 813. The court cited with approval the case of *In re Miller*, 10 B.R. 778 (Bankr.D.MD 1981), *aff'd* 22 B.R. 479 (D.MD 1982), in

---

1. The wrecking service which repossessed the van was acting as the agent of the Defendant. Given that it was not made a party-defendant to this proceeding, we decline to discuss potential liability for its actions. However, this Court strongly urges the exercise of caution before repossession of property of individuals who have sought the protection of this Court.

which a creditor had repossessed the debtor's automobile without knowledge of the Chapter 7 filing, but later learned of it from the debtor's attorney who requested return of the vehicle. In the *Miller* case, the Bankruptcy Court, affirmed by the District Court, concluded:

"It is implied in § 362 that a creditor is under an obligation to maintain the *status quo* as of the moment of the filing of the petition and to take whatever affirmative action necessary to do so ... a creditor who has taken such an action [in violation of the stay] is therefore under an obligation to reverse it and to restore the *status quo*. The retention of an improved position gained by the creditor in violation of the stay is itself a continuing violation of the stay, and done knowingly, is grounds for contempt." 10 B.R. 780.

In light of these decisions, based on the facts presented, the Court concludes that the Defendant's conduct clearly reflects a willful violation of the automatic stay of § 362(a). The Defendant continued in possession of the vehicle with full knowledge of the filing and explanation of the Order staying levy and garnishment. As one court has noted, if there is uncertainty about an Order of the court, or the applicability of the automatic stay, a creditor may petition the court for clarification and, if the creditor does not, he takes the risk of being held in contempt. *In re Pody, supra,* at 573–74; *see, also, Matter of Batla,* 12 B.R. 397 (Bankr.N.D.GA 1981). The Defendant's refusal to return the vehicle not only prevented LaTempa from accepting work for three days due to lack of transportation, but precipitated a substantial amount of work by Counsel for the Debtors, including filing of this adversary proceeding, seeking return of the vehicle. Accordingly, we find that the Debtors are entitled to recover damages under § 362(h).

The Debtor testified as to the nature of the work lost and estimated the amount he could have earned. In the absence of any evidence to the contrary, we set the Debtor's actual damages for lost work at $300.00, plus $100.00 for deprivation of his vehicle and personal property. Costs will be taxed upon proper application pursuant to *Rule* 7054, *Federal Rules of Bankruptcy Procedure.* The Debtors are entitled to attorney's fees and, having held hearing thereon pursuant to *Rule* 2002(a)(7), *Federal Rules of Bankruptcy Procedure,* we find the $350.00 amount requested to be reasonable. Punitive damages are assessed in the sum of $500.00; however, same shall be suspended upon payment within ten (10) days of all amounts awarded herein to the Trustee, J. Glenwood Strickler, Esquire, who shall receive and disburse said funds to the parties entitled thereto upon such receipt. It is so ORDERED.

Service of a copy of this Memorandum Opinion and Order shall be made by mail to the Debtor/Plaintiff; to Tonita M. Foster, Esquire, Counsel for Debtors; PHILLIPS, DOHERTY & SWANSON, Counsel for Defendant; and to J. Glenwood Strickler, Esquire, Trustee.