**In re Barry & Brenda WARD, Debtors.**

**Barry & Brenda Ward, Plaintiffs,**

**v.**

**Internal Revenue Service, Defendant.**

**Bankruptcy No. 7–91–00800–WSR–7.**
**Adversary No. 7–00–00050–WSR.**

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

Jan. 29, 2001.

---

15. Mrs. Taylor's chapter 7 case was still open    when she filed her chapter 13 case.

Gary M. Bowman, Roanoke, VA, for plaintiff.

Aneida P. Winston, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC.

## MEMORANDUM OPINION

WILLIAM F. STONE, Jr., Bankruptcy Judge.

This adversary proceeding was commenced by Mrs. Ward, the surviving Debtor, to obtain a determination that certain taxes for the 1984, 1985, and 1987 tax years were discharged in the Debtors' 1991 bankruptcy case and to obtain a refund of certain amounts paid to or otherwise collected by the United States Internal Revenue Service ("IRS") since the bankruptcy case. Subsequent to the filing of the amended complaint, counsel for the IRS has furnished documentation to counsel for Mrs. Ward which has caused Mrs. Ward to concede that the tax liabilities in question were not discharged in the bankruptcy case. Mrs. Ward's counsel has further conceded that by reason of the provisions of 11 U.S.C. § 505(a)(2)(B)(iii) this Court does not have jurisdiction to order any tax refund to Mrs. Ward as a result of this proceeding. As a practical matter the issues before the Court are (1) whether this Court should honor the request of the IRS to abstain from deciding the proceeding, and if not, (2) whether assessments made by the IRS against the Debtors on April 15, 1991 while the automatic stay pursuant to 11 U.S.C. § 362 was in effect, and without having obtained relief from the stay, were void or simply voidable. Although the Debtor seeks a declaratory judgment of the amount which she contends the IRS owes her as a result of the matters in dispute, the Court concludes that to make such a determination would be in practical effect to award a tax refund in contravention of § 505(a)(2)(B)(iii) cited above. Accordingly, the Court will proceed to address only the two issues stated above. Before doing so, however, the Court does wish to express its appreciation to counsel for the thorough briefs they have submitted to aid this Court in its decision.

## FINDINGS OF FACT

The relevant facts pertinent to determination of these two issues are really not in dispute between the parties. The Wards filed a Chapter 7 bankruptcy petition on March 22, 1991. Notice of the bankruptcy petition and stay was sent to the IRS at its Philadelphia Regional Service Center. On April 15, 1991, the IRS made assessments against the Wards for tax years 1984, 1985, and 1987 taxes. Such assessments were made without obtaining relief from the automatic stay resulting from the bankruptcy filing and the IRS has never filed a motion to obtain relief from the stay after-the-fact by requesting that the stay as to the IRS be annulled pursuant to Bankruptcy Code § 362(d). The IRS contends that the assessments were made without effective knowledge of the bankruptcy stay because its "Special Procedures" office, which apparently handles all tax matters of taxpayers who are the subject of pending bankruptcy cases, had not been notified of the Wards' filing as of the date the assessments in question were made. For purposes of this opinion, the Court will accept the IRS's representation that the person who caused the assessments to be made was then personally unaware of the bankruptcy filing. The IRS took no further action against the Wards during the pendency of the bankruptcy case and did not file a proof of claim. It appears that the parties are agreed that the IRS never made any corrective or new assessments for the years in question before expiration

of the applicable Statute of Limitations or took any other action to address the fact that it had made the subject assessments while the bankruptcy stay was in effect. The Debtors were granted a discharge on July 8, 1991 and their case was closed on September 26, 1991. It was reopened on Mrs. Ward's motion on January 24, 2000 to permit the filing of the instant adversary proceeding.

## CONCLUSIONS OF LAW

### I. Abstention

■ The IRS contends that this Court should abstain from deciding this adversary proceeding because it would serve no bankruptcy purpose to do so. Counsel points out that more than nine years have now passed since the original closing of the bankruptcy case and that the Debtors took no action while the case was originally pending to challenge the making of the assessments. Furthermore, this adversary proceeding could have been brought as a civil action in the United States District Court, which would have jurisdiction to grant full relief, if any be appropriate, to Mrs. Ward. These are good arguments and are well-advanced by counsel in considerably more detail than summarized here. Nevertheless, the Court is not persuaded by them and finds itself in agreement with Debtor's counsel that, having gotten this far into the matter, the Court should proceed to determine the legal effect of the April 15, 1991 assessments for the following reasons:

1. The validity or invalidity of the IRS assessments presents no issue of state law or deference to state courts, which is the principal thrust of 28 U.S.C. § 1334(c)(1), which provides discretion to a bankruptcy court to abstain from hearing any proceeding "in the interest of justice, or in the interest of comity with State courts or respect for State law." Because some court will have to decide the legal effect of the 1991 assessments in order to resolve the dispute between Mrs. Ward and the IRS, this Court fails to see that requiring the Debtor to seek recourse to another court is somehow "in the interest of justice."

2. The question of the legal efficacy of an act done in violation of the automatic stay, whether such act be done innocently or with full knowledge of the facts, is one which Bankruptcy Courts are routinely called upon to determine; presumably Bankruptcy Courts should have a fair degree of expertise in addressing the question. Although the District Courts and the United States Circuit Courts of Appeal obviously have the authority to approve or correct Bankruptcy Court rulings on all issues, it does not seem to this Court presumptuous to presume that such appellate Courts desire that Bankruptcy Courts address in the first instance questions relating to the interpretation and legal effect of specific provisions of the Bankruptcy Code.

3. To abstain from deciding the only remaining substantive issue in this adversary proceeding after the parties have briefed such issue thoroughly and the Court has reached a settled conclusion as to the correct answer would result in the pointless expenditure of further time and resources not only by the parties themselves but also by the United States Court system. The Court believes that the most efficient use of judicial resources would be obtained by its deciding the issue presented. If such decision is accepted by the parties, it should result in the resolution of the entire controversy without the necessity of further litigation between the parties. If the decision is not mutually accepted by the parties, an appeal will lie to the District Court, which the parties seem to agree would have jurisdiction to decide all

issues between them. If that occurs, the efforts of the parties to date and the work of this Court in making the decision contained in this opinion may assist the District Court in making its decision.

## II. Legal Effect of Assessments

■■■ As counsel for the Debtor points out, the overwhelming weight of authority is that an action taken by a creditor in violation of the bankruptcy stay is deemed to be void. 3 Collier on Bankruptcy ¶ 362.11[1] (15th ed. rev.). This Court has previously held in an unpublished decision. *In re Johnson,* Case No. 7–99–00967–WSR–13 (Bankr.W.D.Va.1999), a copy of which is attached as an exhibit and incorporated into this opinion, that an act in violation of the automatic stay is void even if the actor is unaware of the stay's existence. For bankruptcy cases commenced after October 22, 1994, 11 U.S.C. § 362(b)(9) provides an exception to the bankruptcy stay of § 362(a) for "the making of an assessment for any tax." Bankruptcy Reform Act of 1994 § 116, Pub.L. 103–64 (Oct. 22, 1994). Prior to such date, however, such exception was not applicable and a tax assessment after the stay's commencement was subject to the prohibition of § 362(a)(6) of "any act to ... assess ... a claim against the debtor that arose before the commencement of the case." Because this case began and the assessments at issue were made prior to October 22, 1994, the prior law is applicable to the decision of the adversary proceeding before the Court. Accordingly, the Court concludes that the April 15, 1991 assessments for the 1984, 1985, and 1987 tax years against the Wards are void and have no legal effect, that is to stay the same as if they had never occurred.

■■■ Counsel for the IRS has argued that this Court should recognize the validity of the subject assessments by following decisions which have annulled the stay based on the factual showings made by the creditors in those cases. The most telling response to this contention is that the IRS has never taken any action whatsoever to move the Court to annul (*i.e.,* lift retroactively) the stay as to the assessments in question. While this Court recognizes its power, which was discussed in the *Johnson* opinion, *supra,* to annul the stay to validate a specific action taken by a creditor without knowledge of the stay, such power is not one which the Court would ordinarily exercise *sua sponte.* Under the facts of this case the Court does not choose to act *sua sponte* even if it possesses the authority to do so.

Furthermore, even if the IRS had filed a motion in the reopened bankruptcy case to annul the stay in order to validate the tax assessments, the Court doubts that it would have granted such a motion for the following reasons:

■■■ 1. The IRS is guilty of laches in not taking action in a timely manner either to re-assess the tax liabilities in question once the bankruptcy stay was no longer in effect or to move the Court to annul the stay to validate after-the-fact the April 15, 1991 assessments.

■■■ 2. Even if the IRS employee who initiated the tax assessments on April 15, 1991 was without knowledge of the Wards' bankruptcy case, at some point the IRS as an entity must be charged with knowledge that the assessments had occurred in violation of the automatic stay and, at the very least, were of questionable validity. The burden, therefore, was properly upon the IRS to take appropriate action to safeguard its collection rights against the Wards. It was not up to the Wards to point out to the IRS that it had made no legally effective assessments. While this may result in a windfall to Mrs. Ward, the

same would be the case if for any other reason (*e.g.,* clerical error or computer malfunction) the IRS had failed to make valid and timely assessments for the tax years in question. When the IRS was in fact notified of the Wards' bankruptcy case and never took action which it might have easily taken to safeguard and validate its claims against the Wards, there is no reasonable basis for this Court now to take action to save the IRS from the consequences of its own stay violation and subsequent inaction.

■ 3. To annul the stay at this point after the Statute of Limitations for the IRS to make assessments for the tax years in question has expired would disturb the settled rights of the parties. In the absence of any suggestion that Mrs. Ward is guilty of inequitable or deceptive conduct which might create some type estoppel against her to challenge the validity of the 1991 assessments, the Court does not believe that her lack of contest to the assessments at the time they were made and her silence since then furnish any basis to deny her the right to assert that such assessments were void, a legal result which the IRS itself much more than Mrs. Ward should have fully appreciated.

As counsel for the Debtor notes, the factual situation presented in this case is the same as was presented in *Anglemyer v. United States,* 115 B.R. 510 (D.Md. 1990). This Court believes that the District Court in that case reached the correct result that an IRS tax assessment in violation of the stay, even if unknown, was void, and therefore chooses to follow it. This Court would like to note that the *Anglemyer* decision, which was decided the year prior to the events at issue in this proceeding and which apparently was not appealed by the IRS, clearly put the IRS on notice that a tax assessment in violation of the automatic stay was without effect and that

corrective or additional action was necessary to safeguard its rights against taxpayers who have sought bankruptcy relief.

By separate Order, this Court will refuse to abstain from deciding this adversary proceeding, will declare the April 15, 1991 IRS assessments against the Wards for the 1984, 1985, and 1987 tax years to be void and of no legal effect, and will close this adversary proceeding on the ground that the Court has decided all issues which are appropriate for it to determine.

## ORDER

For the reasons expressed by this Court in its Memorandum Opinion entered contemporaneously herewith, this Court:

1) REFUSES to abstain from deciding this adversary proceeding;

2) DECLARES the April 15, 1991 IRS assessments against the Wards for the 1984, 1985, and 1987 tax years to be void and of no legal effect; and

3) ORDERS this adversary proceeding be closed once the applicable period for appeal has expired on the ground that the Court has decided all issues which are appropriate for it to determine.

## EXHIBIT

In re: Kenneth Wayne Johnson, Debtor.

Bank United, Movant,

v.

Kenneth Wayne Johnson, Respondent.

Bankruptcy No. 7–99–00967–WSR–13.

## ORDER

This case comes on to be heard upon the Motion for Order Granting Relief from Automatic Stay filed by Bank United. The facts are not in dispute between the parties, who have agreed to a stipulation of

same. The Debtor is the owner of property located in Roanoke, which is subject to a deed of trust held by Bank United. The Debtor filed a Chapter 13 petition on April 17, 1997. The Bank United's predecessor in interest, Fleet Mortgage Corp., filed a Motion to Obtain Relief from the Stay and this Court entered an Order granting relief from the stay on April 1, 1998. Fleet thereafter commenced foreclosure proceedings. On May 14, 1998, the Debtor's case was converted from Chapter 13 to Chapter 7. This Court's Order stated in part as follows:

> It is further ORDERED ... that the stay of 11 U.S.C. § 362 be reinstated if relief therefrom has previously been granted but the property that had been affected thereby has not been liquidated.

On May 15, 1998, without notice of the entry of this Order, the trustee under the Deed of trust conducted a sale at which sale Fleet Mortgage was a purchaser. A Trustee's Report of Sale was filed with the Commissioner of Accounts for the City of Roanoke and was duly approved. The Debtor remained in possession of the property and eviction proceedings were commenced on or about January 9, 1998. The Debtor's Chapter 7 case was dismissed on September 30, 1998. On March 18, 1999 the Debtor filed this Chapter 13 case. In his petition the Debtor continues to claim ownership of the property and proposes to cure the breach of the original Deed of Trust. Bank United takes the position that a valid foreclosure sale was conducted and that the Debtor no longer has any interest in the property. Bank United filed a Motion for Summary Judgment and a hearing was held on August 9, 1999. Bank United offered as evidence of the value of the property the real estate tax appraisal. The Debtor testified in some detail as to his belief as to the value of the property and the reasons for his belief.

Absent the specific language quoted above in this Court's conversion Order, the Court believes that Bank United's position would be on solid ground. For reasons satisfactory to the Court (Pearson, J.), however, the quoted wording was placed in the Order. The Court, having previously entered an Order granting relief from stay, must be deemed to have intended to stop in its tracks any foreclosure sale not yet completed. It has expressly been held previously that an act in violation of the automatic stay is void and without effect, regardless of lack of knowledge in the point of the creditor. *In re Burns*, 112 B.R. 763 (Bankr.E.D.Va.1990); *In re La-Tempa*, 58 B.R. 538 (Bankr.W.D.Va.1986). While the Court is aware of authority which has held that a bankruptcy court has the power to grant relief from the stay retroactively and thereby validate an action otherwise void, the Court believes that to do so would fly directly in the face of the wording of this Court's conversion Order dated May 14, 1998. Accordingly, this Court concludes that the foreclosure sale, although conducted apparently in good faith and without knowledge of this Court's Order of May 14, 1999, was nevertheless void. The Court further concludes that Bank United has the burden of prove before the Court to establish lack of equity in the property and that such burden of proof was not carried. Bank United's Motion for Summary Judgment upon its Motion for Relief is denied. Based on the evidence before the Court, the Stipulation of Facts entered into by the parties, and the wording of the conversion Order dated May 14, 1998, the Court further finds that Bank United's Motion for Relief is denied and such Motion is dismissed without prejudice. It is

**SO ORDERED.**

Counsel for the Debtor having indicated an intention to file a Modified Plan to provide fully for Bank United's claim, it is further

**ORDERED**

that the Debtor shall file a Modified Plan within 20 days of the date of the entry of this Order. The hearing scheduled in this case for September 13, 1999 is canceled.

Service of a copy of this Order shall be made by the Clerk upon the Debtor; Charles R. Allen, Jr., counsel for the Debtor; Steven J. Marsey, Esq., and Jeffrey A. Fleischhauer, Esq., counsel for Bank United; the Trustee; and the Office of the U.S. Trustee.

**ENTER** this the 10th day of September, 1999.